**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAVINIA FESTIVAL ASSOCIATION, | ) | |
| a not for profit corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| RAVINIA BREWING COMPANY LLC, and | ) | |
| RAVINIA BREWING COMPANY | ) | |
| CHICAGO, LLC, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Ravinia Festival Association ("Ravinia"), an Illinois not for profit corporation, for its Complaint against Defendants Ravinia Brewing Company LLC ("RBC") and Ravinia Brewing Company Chicago, LLC ("RBC Chicago") (RBC and RBC Chicago are collectively "Defendants"), alleges as follows:

## Introduction

1. Ravinia owns and uses the registered trademark RAVINIA for musical performance, and restaurant, beverage, and catering services, among other things. In 2018, RBC wished to open a small, beer-focused restaurant and bar near Ravinia's historic venue in Highland Park, Illinois. As a good faith show of support for a local business, Ravinia agreed not to object to RBC's planned use of the name "Ravinia Brewing Company" for its beer brewing operation and related neighborhood business *provided that* RBC complied with simple guidelines intended to minimize potential consumer confusion as to the lack of any relationship between world-renowned Ravinia and RBC's local restaurant and bar (the "2018 Agreement"). RBC failed to

comply with the agreed-upon guidelines in the 2018 Agreement and has, more recently, acted blatantly in disregard of the guidelines, further trading on – and infringing – Ravinia's well-known registered trademark (the "RAVINIA Mark") and its associated goodwill, causing Ravinia to rescind the 2018 Agreement.

2.     Among other things, and without disclosing their plans to Ravinia, RBC's owners expanded their restaurant and bar business, still using the name "Ravinia," far from Highland Park. The owners of RBC formed a new company (RBC Chicago) and proceeded to open a much larger restaurant and bar approximately twenty (20) miles away in Logan Square in Chicago. RBC Chicago was not a party to the (now rescinded) 2018 Agreement between Ravinia and RBC.

3.     Both Defendants are actively sponsoring musical performances under the RAVINIA Mark at their respective Highland Park and Logan Square venues, without any disclaimer in their broadly distributed marketing materials (as RBC had specifically agreed in the 2018 Agreement to provide in connection with activities at its Highland Park location) or other communication making clear to consumers that Defendants are not affiliated with, nor are their musical performances sponsored by, Ravinia. Indeed, Defendants have falsely implied (and continue to falsely imply) an association with Ravinia and its well-known RAVINIA Mark. From all appearances, this false implication is intentional. In addition to sponsoring live music at their venues, Defendants reference Ravinia in their social media marketing to promote sales of their food and other products, including by posting pictures of their beer being consumed at Ravinia Festival Park. Defendants also introduced a music-themed beer, "Key Strokes," with can art featuring a grand piano on its label using colors associated with the Ravinia Festival, further trading on an implied association with Ravinia.

4.      Defendants are not authorized to use the RAVINIA Mark as they currently are doing in connection with food and beverages and the promotion of musical performances. Defendants' conduct represents a willful violation and infringement of Ravinia's valuable and longstanding trademark rights in the RAVINIA Mark and is an attempt to benefit unfairly for commercial purposes from the goodwill and name recognition that the not-for-profit Ravinia has created in its many decades of use of the RAVINIA Mark.

5.      Ravinia relies on its reputation to continue to attract members of the public to its performances and depends on the strength and soundness of this reputation to continue to attract global musical talent to perform at its festival. Ravinia is being and will be irreparably injured by the loss of control of its reputation. Defendants' infringement of the RAVINIA Mark causes Ravinia to be associated with products and performances over which it has no control. That involuntary association will injure Ravinia, especially if Defendants' products, services, or events create disfavor of the RAVINIA Mark or its goodwill for any reason.

## Parties

6.      Incorporated in 1936, Ravinia is an Illinois not for profit corporation that operates the world-renowned Ravinia Festival in Highland Park, Illinois, and is both the longest-running and most artistically diverse outdoor music festival in North America. Approximately 400,000 people visit Ravinia each year across more than 100 separate performances that highlight genres as wide-ranging as the audiences. Classical music is a foundational focus at Ravinia, dating back to its first concerts, including a regular series of performances by the Chicago Symphony Orchestra, which has formally been in summer residence at the festival since 1936. To date, Ravinia has presented some of history's most celebrated musicians across many genres, including Louis Armstrong, Luciano Pavarotti, Tina Turner, Leonard Bernstein, and Tony Bennett. The

festival continually attracts world-renowned artists.  During musical performances and events at the Ravinia Festival, Ravinia offers extensive restaurant, catering, and beverage services. Ravinia is an operating charitable and educational organization that fundraises approximately $14 million annually to operate programs that benefit the public.

7.      In addition, Ravinia provides education and engagement programs that extend Ravinia's reach throughout Chicagoland and globally. To help supplement the music curriculum in Chicago and Lake County public schools, Ravinia Reach Teach Play programs provide 20,000 students with live performances and integrative activities that spark a love of music and invite exploration of varied genres and styles, as well as programs that teach the foundations of music and encourage children to engage in music-making and express themselves creatively. The Ravinia Steans Music Institute is an international destination for young professional classical pianists and string players, classical singers, and jazz musicians devoted to uniquely honing and advancing their talents as collaborative artists.  Each summer, over 60 artists receive fully paid fellowships to engage in coaching and master classes with leading global artists and learn valuable skills necessary for successful careers.

8.      Ravinia also has a strong commitment to its Highland Park neighbors, annually contributing 5% (approximately $1,000,000) of ticket sales to the Highland Park community, providing over 50,000 complimentary tickets each season through local and social service agencies, and regularly supporting local organizations.

9.      On information and belief, RBC is an Illinois limited liability company based in Highland Park, Illinois.  On information and belief, RBC Chicago is an Illinois limited liability company based in Chicago, Illinois.  In or about 2018, RBC began operating a small restaurant and bar in Highland Park, Illinois, near Ravinia's historic venue.  Sometime after opening the

Highland Park restaurant and bar, RBC's owners formed RBC Chicago and opened a large restaurant and bar in the Logan Square neighborhood of Chicago, Illinois, approximately 20 miles from Highland Park. Both Defendants share common control and ownership. On information and belief, both Defendants also share additional business operations in Carbondale, Illinois. On information and belief, Defendants plan further expansion under the RAVINIA Mark. Both Defendants prominently use the RAVINIA Mark in their businesses, including on their beer cans, in the promotion of musical performances at their venues, the sponsorship of and affiliation with other music festivals and performances, the placement of large retail signage with high visibility, and the sale of food and beverages at their venues. Defendants are trading on the goodwill and reputation of Ravinia and infringing and diluting Ravinia's valuable trademark rights.

## Jurisdiction and Venue

10.     This Court has jurisdiction as to the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), (b), and 1367(a).

11.     This Court has personal jurisdiction over Defendants because Defendants are incorporated and have their principal places of business in Illinois, and because Defendants purposefully availed themselves of the privilege of conducting business in Illinois.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred in this District, and pursuant to 28 U.S.C. §§ 1391(b)(1), (d), because Defendants reside in this District.

## Ravinia and Its Longstanding Use of the Distinctive RAVINIA Trademarks

13.     Since at least as early as 1936, Ravinia has used the RAVINIA Mark in connection with its world-famous music festival, and other related goods and services, including restaurant, beverage, and catering services, music education, and entertainment services.

14.     Ravinia owns, among others, the following U.S. Trademark registrations for the RAVINIA mark in connection with the above-referenced services:

| Mark | Reg. No. | Reg. Date | Goods & Services (in relevant part) / First Use in U.S. Commerce |
|---|---|---|---|
| **RAVINIA** | 3,916,753 | February 8, 2011 | Entertainment services; namely, presentation of performing arts shows and conducting performing arts festivals (Class 41) (date of first use: Dec. 31, 1936) |
| **RAVINIA** | 3,913,884 | February 1, 2011 | Restaurant services; catering services; offering banquet facilities (Class 43) (Dec. 31, 1964) |
| **RAVINIA** | 6,446,818 | August 10, 2021 | Entertainment, namely, a continuing variety show broadcast over video media; entertainment and education services in the nature of non-downloadable videos featuring educational lessons about music and musical performances transmitted via the Internet and wireless communication networks; entertainment services in the nature of non-downloadable videos featuring music-related programming and musical performances transmitted via the Internet and wireless communication networks (Class 41) (date of first use: June 22, 2007) |
| **RAVINIA FESTIVAL** | 2,620,484 | September 17, 2002 | Entertainment services; namely, presentation of performing arts shows and conducting performing arts festivals (Class 41) (date of first use: Dec. 31, 1936) |

| Mark | Reg. No. | Reg. Date | Goods & Services (in relevant part) / First Use in U.S. Commerce |
|---|---|---|---|
| **RAVINIA FESTIVAL** | 2,668,169 | December 31, 2002 | Restaurant services; catering services; offering banquet facilities (Class 42) (date of first use: Dec. 31, 1964) |

Attached as Exhibit A are true and correct copies of the certificates for these registrations.

15.     Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Ravinia's federal registration certificates for marks on the Principal Register are *prima facie* evidence of the validity of these marks, as well as Ravinia's ownership and exclusive right to use these marks in connection with the identified services.

16.     Additionally, all of these registrations (with the exception of U.S. Reg. No. 6,446,818) are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

17.     Ravinia has continuously, consistently and prominently used and displayed the RAVINIA Mark in connection with the advertising, promotion, and sale of its goods and services.

18.     Ravinia has continuously used the RAVINIA Mark to identify its goods and services and to distinguish them from products and services offered by others. Ravinia has accomplished this through extensive, long-term use of the RAVINIA Mark in its advertising and promotional materials, on its website, on social media, on event programs and ancillary materials, on signage in and around the Ravinia Festival Park, and in and on other marketing and related materials.

19.     Owing to Ravinia's operations, including its promotional, advertising, and marketing efforts, over these many years, the RAVINIA Mark has become widely and well-known not only throughout Illinois, but also throughout the United States and globally, as an identifier of Ravinia's products and services.

20.     Ravinia has invested significant time, funds, and effort toward developing, marketing, and commercializing its RAVINIA Mark and toward establishing the RAVINIA Mark as a source identifier. Through decades of use in connection with a world-class music venue offering high-quality musical programming and music educational services, the RAVINIA Mark embodies extensive consumer recognition, and strong consumer goodwill, which are uniquely identified with Ravinia.

21.     As a result of its decades of use and the global recognition of the RAVINIA Mark in association with the world-renowned Ravinia Festival and related goods and services, the RAVINIA Mark is famous.

22.     The RAVINIA Mark became famous well before Defendants' use of the RAVINIA Mark, indeed, well before the existence of Defendants or their goods and services.

23.      The RAVINIA Mark is an asset of incalculable value as a symbol of Ravinia, its high-quality products and services, and its goodwill and reputation.

**Defendants' Infringement of the RAVINIA Mark**

24.     In 2018, RBC wished to open a small beer-focused restaurant and bar in Highland Park near Ravinia's historic music venue.  In an effort to support a local business, and based on various assurances provided by RBC, Ravinia, via the 2018 Agreement, agreed not to object to RBC's use of the name "Ravinia Brewing Company" for its beer and related neighborhood food and beverage operation so long as RBC took certain specified steps to minimize potential consumer confusion.

25.     The 2018 Agreement required RBC, among other things, to assure that the words "Brewing Company" on its beer cans, signage and advertising were at least a specific size relative to the size of the word "Ravinia."  RBC also had to prominently display an agreed-upon disclaimer

when marketing a musical performance at RBC's neighborhood venue or sponsoring a musical event, disclosing that RBC is a separately owned entity and is not related in any way to nearby Ravinia. Ravinia's agreement not to object to RBC's name was subject to RBC's performance of its obligations under the 2018 Agreement and on Ravinia's understanding that RBC planned to operate a single, small venue in Highland Park.

26.     RBC has materially failed to comply with the basic and straightforward terms of the 2018 Agreement, including, without limitation:

   a. RBC has ignored the relative size requirements for "Ravinia" and "Brewing Company;" RBC's product labeling and signage has not met the terms that required the words "Brewing Company" to be prominently displayed relative to "Ravinia;" and

   b. RBC has broadly presented and sponsored live musical performances using the "Ravinia Brewing" name without the required, agreed-upon (or any) disclaimer to make clear that the RBC and its performance events are not associated with, sponsored or endorsed by, or otherwise related to Ravinia.

27.     In addition to ignoring its obligations under the 2018 Agreement, RBC has infringed the RAVINIA Mark, including, without limitation:

   a. RBC's social media and other consumer directed marketing shows consumers drinking RBC's product at Ravinia events, brazenly promoting itself inside of the Ravinia Festival Park and suggesting a relationship or sponsorship with Ravinia and its services that does not exist;

   b. RBC created and distributed a music-themed beer, sub-branded "Key Strokes" beer, with can art featuring a grand piano on its label using colors

associated with the Ravinia Festival, further improperly linking RBC to Ravinia; and

c. RBC's social media and other consumer directed marketing references Ravinia and its events in advertising for its food and other products.

28. As a result of the nature and breadth of RBC's disregard for the terms of the 2018 Agreement and other misconduct and other infringing activity which has increased both in scope and frequency during Ravinia's 2023 season, Ravinia notified RBC on August 23, 2023, that the 2018 Agreement was rescinded due to RBC's material failure to abide by the agreement's terms. At that time and subsequently, Ravinia offered to discuss potential terms of a new agreement, but the parties have been unable to reach an agreement to date.

29. Apart from the activities at RBC's neighborhood restaurant and bar in Highland Park, and without notice to Ravinia, RBC's owners, on information and belief, through a separate entity, RBC Chicago, have opened a large, 7,200 square foot restaurant and bar in Logan Square in Chicago. Like RBC's Highland Park location, RBC Chicago is operating under the "Ravinia Brewing" name and using a similar appearance, trading on and benefiting from Ravinia's valuable goodwill and reputation.

30. RBC Chicago is not a party to the (now rescinded) 2018 Agreement. Even if that 2018 Agreement had applied to RBC Chicago's operations (it does not), RBC Chicago's operations at its Logan Square restaurant and bar do not comply with RBC's obligations under the 2018 Agreement. RBC Chicago has and continues to use the RAVINIA Mark without authorization. Among other musical events, RBC Chicago recently sponsored performances by the Chicago Youth Symphony Orchestra's jazz student ensemble. Ravinia regularly presents jazz

- 10 -

performances, and Ravinia's Steans Institute sponsors a jazz program for aspiring professional jazz musicians that offers many performances.

## **Injury to Ravinia and the Public**

31.     On information and belief, Defendants' activities intentionally create customer confusion, leading the public to believe erroneously that Defendants' businesses are affiliated with, sponsored or endorsed by, or related to Ravinia and/or that supporting Defendants' businesses benefits the charitable and educational work and purposes of Ravinia.

32.     Defendants' activities infringe and dilute Ravinia's registered trademarks, in violation of federal and Illinois law. Defendants use a mark that is effectively identical to Ravinia's to promote and sell goods and services that are highly similar or identical to those offered by Ravinia under its RAVINIA Mark.

33.     On information and belief, Defendants' branding and presentation of its products and promotion of musical performances under the RAVINIA Mark have caused actual confusion in the marketplace. Unless enjoined, Defendants' misleading actions will continue to create consumer confusion and adversely affect Ravinia's strong reputation, dilute the famous RAVINIA Mark, and destroy the goodwill that Ravinia has spent years cultivating in the RAVINIA Mark.

34.     In developing and marketing its beverages and restaurants, Defendants have intentionally adopted a product name and imagery that is likely to deceive consumers into believing they are supporting Ravinia when buying from Defendants and/or that Defendants' products, services and events are affiliated with and/or sponsored or approved by Ravinia.

35.     If Defendants' infringement is not enjoined, Ravinia will continue to suffer irreparable damage to its hard-earned good name and brand recognition. As the latecomers, Defendants' products and services will unfairly gain recognition and commercial sales at Ravinia's

expense by borrowing from the reputation, goodwill, and recognition associated with the RAVINIA Mark.

36.     In addition, Ravinia is being and will be irreparably injured by losing control of its reputation. Defendants' unauthorized use of the RAVINIA Mark causes Ravinia to be associated with a product and performances over which it has no control. That involuntary association will injure Ravinia, especially if consumers are dissatisfied with Defendants' products, services or events for any reason and consequently have a less favorable opinion of Ravinia.

**COUNT I**
**Infringement of Federally Registered Trademarks**
**(Lanham Act § 32, 15 U.S.C. § 1114)**
**(Against RBC)**

37.     Ravinia repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

38.     RBC uses in interstate commerce a counterfeit or colorable imitation of the RAVINIA Mark in connection with RBC's promotion and sale of its products, services and musical performances at its venue, without authorization.

39.     RBC's unauthorized imitation of the RAVINIA Mark is likely to cause confusion and mistake among consumers and others as to the source, origin, affiliation or sponsorship of RBC's products, services and performances.

40.     RBC's unauthorized imitation of the RAVINIA Mark in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

41.     RBC's unauthorized imitation of the RAVINIA Mark is a knowing, willful, and intentional infringement of Ravinia's trademark rights.

- 12 -

42.     RBC's infringement diminishes the value of the RAVINIA Mark and the goodwill and business reputation associated with Ravinia and the RAVINIA Mark.  Further, RBC's acts of infringement, unless restrained, will cause great and irreparable injury to Ravinia and to the recognition and goodwill represented by the RAVINIA Mark, in an amount that cannot be ascertained at this time, leaving Ravinia with no adequate remedy at law.

43.     By reason of the foregoing, Ravinia is entitled to injunctive relief restraining RBC from any further infringement of the RAVINIA Mark and is also entitled to recovery of actual and punitive damages, costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
### Infringement of Federally Registered Trademarks
### (Lanham Act § 32, 15 U.S.C. § 1114)
### (Against RBC Chicago)

44.     Ravinia repeats and realleges each allegation of the foregoing paragraphs 1-36 as if fully set forth herein.

45.     RBC Chicago uses in interstate commerce a counterfeit or colorable imitation of the RAVINIA Mark in connection with RBC Chicago's promotion and sale of its products, services and performances at its venue, without authorization.

46.     RBC Chicago's unauthorized use of the RAVINIA Mark is likely to cause confusion and mistake among consumers and others as to the source, origin, affiliation or sponsorship of RBC's products, services and performances.

47.     RBC Chicago's unauthorized use of the RAVINIA Mark in interstate commerce constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

- 13 -

48.     RBC Chicago's unauthorized use of the RAVINIA Mark is a knowing, willful, and intentional infringement of Ravinia's trademark rights.

49.     RBC Chicago's infringement diminishes the value of Ravinia's trademark, goodwill, and business reputation.  Further, RBC Chicago's acts of infringement, unless restrained, will cause great and irreparable injury to Ravinia and to the recognition and goodwill represented by the RAVINIA Mark, in an amount that cannot be ascertained at this time, leaving Ravinia with no adequate remedy at law.

50.     By reason of the foregoing, Ravinia is entitled to injunctive relief restraining RBC Chicago from any further infringement of the RAVINIA Mark and is also entitled to recovery of actual and punitive damages, costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III
### False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))
### (Against RBC)

51.     Ravinia repeats and realleges each and every allegation in foregoing paragraphs 1-43 as if fully set forth herein.

52.     Ravinia uses and owns the RAVINIA Mark in connection with its music festival and events, music education services, its food and beverage services, and other related goods and services.  The RAVINIA Mark is inherently distinctive and has also acquired secondary meaning as a designation of origin for Ravinia.

53.     In connection with its promotion and sale of its brewery and music-related goods and services, RBC uses in interstate commerce the RAVINIA Mark without authorization.  RBC's promotion and sale of goods and services under the RAVINIA Mark is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the

parties' products and services. Consumers seeing RBC's goods and services in the marketplace are likely to believe they are sponsored by, associated with, or otherwise affiliated with the RAVINIA Mark and/or Ravinia, or vice versa.

54. RBC's unauthorized use of the RAVINIA Mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. RBC's unauthorized use of the RAVINIA Mark is a knowing, willful, and intentional violation of Ravinia's valuable trademark rights.

56. RBC's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Ravinia and to the business goodwill represented by the RAVINIA Mark, in an amount that cannot be ascertained at this time, leaving Ravinia with no adequate remedy at law.

57. By reason of the foregoing, Ravinia is entitled to injunctive relief against RBC, restraining it from any further acts of false designation of origin, and is also entitled to recovery of actual and punitive damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT IV
### False Designation of Origin
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))
### (Against RBC Chicago)

58. Ravinia repeats and realleges each and every allegation in the foregoing paragraphs 1-36 and 44-50 as if fully set forth herein.

59. In connection with its promotion and sale of its brewery and music-related products and services, RBC Chicago uses in interstate commerce the RAVINIA Mark, which is confusingly similar to Ravinia's own use of its RAVINIA Mark. RBC's promotion and sale of its products and services under the RAVINIA Mark is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products.

- 15 -

Consumers seeing RBC Chicago's products and services in the marketplace are likely to believe they are sponsored by, associated with, or otherwise affiliated with Ravinia, or vice versa.

60.     RBC Chicago's unauthorized use of the RAVINIA Mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

61.     RBC Chicago's unauthorized use of the RAVINIA Mark is a knowing, willful, and intentional violation of Ravinia's rights.

62.     RBC Chicago's acts of false designation of origin, unless restrained, will cause great and irreparable harm to Ravinia and to the goodwill represented by the RAVINIA Mark, in an amount that cannot be ascertained at this time, leaving Ravinia with no adequate remedy at law.

63.     By reason of the foregoing, Ravinia is entitled to injunctive relief against RBC Chicago, restraining it from any further acts of false designation of origin, and is also entitled to recovery of actual and punitive damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

**COUNT V**
**Federal Trademark Dilution**
**(Lanham Act § 43(c), 15 U.S.C. § 1125(c))**
**(Against RBC)**

64.     Ravinia repeats and realleges each allegation of the foregoing paragraphs 1-43 and 51-57 as if fully set forth herein.

65.     Ravinia owns valid and existing rights in and to the RAVINIA Mark.

66.     Through long-standing and continued use, product and service promotion, and widespread consumer recognition, the RAVINIA Mark has become famous.

67.     Long after the RAVINIA Mark became famous, RBC began using the RAVINIA Mark in connection with its highly similar goods and services, without authorization. In so doing,

- 16 -

RBC is improperly creating a false association between its products and services and Ravinia and/or the RAVINIA Mark.

68.     This association is likely to cause a dilution of the distinctiveness and strong goodwill that Ravinia has built in the RAVINIA Mark, in violation of 15 U.S.C. § 1125(c).

69.     As a result of RBC's wrongful and intentional conduct, Ravinia has been damaged and will continue to be damaged in an amount to be determined at trial.

70.     RBC's unauthorized use of the RAVINIA Mark is knowing and willful and with the intent to trade on the substantial goodwill Ravinia has established in the RAVINIA Mark.

71.     Unless enjoined, RBC's conduct will continue and will continue to cause Ravinia to suffer irreparable harm for which there is no adequate remedy at law.  Ravinia, therefore, is entitled to injunctive relief.

72.     Ravinia has been harmed by RBC's unauthorized use of the RAVINIA Mark and is entitled to damages.

**COUNT VI**
**Federal Trademark Dilution**
**(Lanham Act § 43(c), 15 U.S.C. § 1125(c))**
**(Against RBC Chicago)**

73.     Ravinia repeats and realleges each allegation of the foregoing paragraphs 1-36, 44-50, and 58-63 as if fully set forth herein.

74.     Ravinia owns valid and existing rights in and to the RAVINIA Mark.

75.     Through long-standing and continued use, product and service promotion, and widespread consumer recognition, the RAVINIA Mark has become famous.

76.     Long after the RAVINIA Mark became famous, RBC Chicago began using the RAVINIA Mark in connection with its highly similar goods and services, without authorization.

In so doing, RBC Chicago is improperly creating a false association between its products and services and Ravinia and/or the RAVINIA Mark.

77.     This association is likely to cause a dilution of the distinctiveness and strong goodwill that Ravinia has built in the RAVINIA Mark, in violation of 15 U.S.C. § 1125(c).

78.     As a result of RBC Chicago's wrongful and intentional conduct, Ravinia has been damaged and will continue to be damaged in an amount to be determined at trial.

79.     RBC Chicago's unauthorized use of the RAVINIA Mark is knowing and willful and with the intent to trade on the substantial goodwill Ravinia has established in the RAVINIA Mark.

80.     Unless enjoined, RBC Chicago's conduct will continue and will continue to cause Ravinia to suffer irreparable harm for which there is no adequate remedy at law.  Ravinia, therefore, is entitled to injunctive relief.

81.     Ravinia has been harmed by RBC Chicago's unauthorized use of the RAVINIA Mark and is entitled to damages.

## COUNT VII
### Violation of Illinois Consumer Fraud and Deceptive Business Practices Act
### (815 ILCS 505/1, *et seq.*)
### (Against both Defendants)

82.     Ravinia repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

83.     The acts, practices and conduct of Defendants, as alleged above in this Complaint, constitute unfair or deceptive business practices in violation of 815 ILCS 505/1, *et seq.*, in that said acts, practices, and conduct are likely to lead the public to conclude, incorrectly, that products and services sold by Defendants originate with, are sponsored by, or are authorized by Ravinia, to

the detriment and harm of Ravinia and the public.

84.     Defendants' use of confusingly and deceptively similar imitations of the RAVINIA
Mark is, on information and belief, willful and intentional, with the intention of deceiving the
public as to the source of Defendants' goods and services.

85.     As a direct and proximate result of Defendants' acts, practices and conduct, as
alleged, Ravinia has been and will likely continue to be injured and damaged, and Ravinia has no
adequate remedy at law for this injury.

86.     As a result of Defendants' acts, Defendants have been unjustly enriched and
Ravinia has been damaged in an amount not yet determined or ascertainable.  At a minimum,
however, Ravinia is entitled to injunctive relief, an accounting of Defendants' gains, damages, and
costs.

**COUNT VIII**
**Violation of Illinois Uniform Deceptive Trade Practices Act**
**(815 ILCS 510/1, *et seq*.)**
**(Against both Defendants)**

87.     Ravinia repeats and re-alleges each and every allegation in the foregoing
paragraphs as if fully set forth herein.

88.     The acts, practices and conduct of Defendants as set forth above are likely to cause
confusion or misunderstanding as to the source, sponsorship, approval or certification of goods
and services provided by Defendants, and thus constitute unfair and deceptive acts or practices in
the conduct of a business, trade or commerce in violation of Illinois statute 815 ILCS 510/1, *et
seq*.

89.     The public is likely to be damaged as a result of Defendants' deceptive trade
practices or acts.

90. Defendants' acts, practices, and conduct as alleged above have been willful and caused, and are likely to continue to cause, injury and damage to Ravinia.

**COUNT IX**
**Common Law Unfair Competition**
**(Against both Defendants)**

91. Ravinia repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

92. Defendants' marketing, promotion, offering for sale, and sale of goods under the RAVINIA Mark constitutes unfair competition under the common law of the State of Illinois.

93. As a result of Defendants' conduct, the public is likely to believe that Defendants' goods and services have originated from and/or have been approved by Ravinia, when they have not.

94. Defendants' acts and conduct as alleged above have damaged and will continue to damage Ravinia and have resulted in an illicit gain to Defendants in an amount that is unknown at the present time.

**COUNT X**
**Common Law Trademark Infringement**
**(Against both Defendants)**

95. Ravinia repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

96. Defendants' conduct constitutes trademark infringement in violation of the common law.

97. Defendants' use or confusing imitation of the RAVINIA Mark in connection with the promotion and sale of their products and services is, on information and belief, a knowing, willful, and intentional violation of Ravinia's common law trademark rights, demonstrating bad-

- 20 -

faith intent to trade on the goodwill associated with the RAVINIA Mark.

98.     Defendants' actions, if not restrained, will cause irreparable injury to Ravinia.  In addition, Defendants' actions will cause Ravinia to lose income and goodwill while Defendants acquire income and goodwill.  This infringement diminishes the value of the RAVINIA Mark, and the goodwill, and business reputation associated with Ravinia and the RAVINIA Mark.

99.     By reason of the foregoing, Ravinia is entitled to injunctive relief; actual and punitive damages; and attorneys' fees, costs, and interest.

## COUNT XI
### Trademark Dilution Under Illinois Trademark Registration and Protection Act
### (765 ILCS 1036/65)
### (Against both Defendants)

100.     Ravinia repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

101.     The RAVINIA Mark is strong and distinctive, has been in use for many years, and has achieved enormous and widespread public recognition in Illinois.

102.     Through long-standing and continued use, product and service promotion, and widespread consumer recognition, the RAVINIA Mark has become famous in Illinois.

103.     Long after the RAVINIA Mark became famous, Defendants began using the RAVINIA Mark in connection with their highly similar goods and services, without authorization. In so doing, Defendants are improperly creating a false association between their products and services and Ravinia and/or the RAVINIA Mark.

104.     This association is likely to cause a dilution of the distinctive quality of the RAVINIA Mark and strong goodwill that Ravinia has built in the RAVINIA Mark, in violation of 765 ILCS 1036/65.

105.    As a result of Defendants' wrongful and intentional conduct, Ravinia has been damaged and will continue to be damaged in an amount to be determined at trial.

106.    Defendants' unauthorized use of the RAVINIA Mark is knowing and willful and with the intent to trade on the substantial goodwill Ravinia has established in the RAVINIA Mark.

107.    Unless enjoined, Defendants' conduct will continue and will continue to cause Ravinia to suffer irreparable harm for which there is no adequate remedy at law.  Ravinia is therefore entitled to injunctive relief.

108.    Ravinia has been harmed by Defendants' unauthorized use of the RAVINIA Mark and is entitled to damages.

## Prayer for Relief

WHEREFORE, Ravinia prays for relief and judgment, as follows:

A.    that Defendants and all those acting in concert or participation with them (including, but not limited to, their officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) be permanently enjoined from:

i.    manufacturing, distributing, shipping, advertising, marketing, promoting, selling, or otherwise offering for sale any product under any mark consisting in whole or in part of RAVINIA or that otherwise bears a name that is confusingly similar to the RAVINIA Mark; and

ii.    representing, by any means whatsoever, that any products manufactured, distributed, advertised, offered, or sold by Defendants are Ravinia's products or vice versa, and from otherwise engaging in conduct likely to cause confusion, mistake, or deception

on the part of purchasers, consumers, or others as to the origin or sponsorship of such products;

B.       that Defendants and all those acting in concert or participation with them (including, but not limited to, their officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns, and contracting parties) take affirmative steps to dispel such false impressions that have been created by their infringement of the RAVINIA Mark, including, but not limited to, recalling from any and all channels of distribution any and all infringing products and promotional materials;

C.       that Defendants be required to account for and pay over to Ravinia all gains derived by Defendants from their unlawful conduct, as well as to pay damages to Ravinia, including, but not limited to: compensatory damages for the loss of goodwill and financial injury Ravinia has suffered by reason of Defendants' unlawful activity; damages pursuant to Illinois common law, 765 ILCS 1036/65, 815 ILCS 505/1, *et seq*., and 815 ILCS 510/1, *et seq*.; damages pursuant to 15 U.S.C. § 1117 and 765 ILCS 1036/70; Ravinia's reasonable attorneys' fees and the costs of this action; and punitive damages to the extent permitted by law;

D.       that Defendants deliver up for destruction all infringing products in their possession or control, in accordance with 15 U.S.C. § 1118;

E.       that Defendants file with the Court and serve on counsel for Ravinia within thirty days after entry of any injunction issued, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action; and

- 23 -

F.     that Ravinia have such other and further relief as the Court deems just and appropriate.

**Jury Trial Demand**

Ravinia respectfully demands a trial by jury on all claims and issues so triable.

Dated: October 25, 2023                         Respectfully submitted,

By:  /s/ *Eric D. Brandfonbrener*
Eric D. Brandfonbrener (No. 6195674)
Jeremy L. Buxbaum (No. 6296010)
Perkins Coie LLP
110 North Wacker Drive, 34th floor
Chicago, Illinois 60606
Tel:  (312) 324-8400
Fax:  (312) 324-9400
Email:  ebrand@perkinscoie.com
          jbuxbaum@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF**
**RAVINIA FESTIVAL ASSOCIATION**