**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAVINIA FESTIVAL ASSOCIATION, a not for profit corporation, | ) ) ) | |
| Plaintiff-Counter-Defendant, | ) ) ) | Case No. 1:23-cv-15322 |
| v. | ) ) | Judge Manish S. Shah |
| RAVINIA BREWING COMPANY LLC, and RAVINIA BREWING COMPANY CHICAGO, LLC, | ) ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendants-Counter-Plaintiffs. | ) ) | |

**PLAINTIFF RAVINIA FESTIVAL ASSOCIATION'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FRAUD CLAIM (COUNTERCLAIM COUNT I)**

In their Counterclaims, defendants Ravinia Brewing Company LLC ("RBC") and Ravinia Brewing Company Chicago, LLC ("RBC Chicago" and with RBC, "Defendants") assert that plaintiff Ravinia Festival Association ("Plaintiff" or "Ravinia") committed a fraud on the U.S. Patent and Trademark Office ("PTO") in violation of 15 U.S.C. § 1120 in connection with a trademark application Ravinia filed in 2010 covering "restaurant and catering services, and banquet facilities" (the "Services"). *See* Counterclaims ("CClaims") (Dkt. No. 25) at Count I, ¶¶ 204-207 (hereinafter "Count I").[1] Not only is Defendants' Count I completely nonspecific, in disregard of the clear requirements of Fed.R.Civ.P. 9(b), but it also is devoid of any of the elements required to plead a fraud claim. Nowhere in Count I do Defendants plead (let alone with requisite particularity): a false material statement made to the PTO; that was made with scienter; that was made with the intention to deceive the PTO; that the PTO reasonably relied on; or that proximately caused cognizable damages to Defendants.

---

[1] Defendants do not attack any of the other trademarks held by Ravinia, including such other trademarks that Ravinia's Complaint alleges Defendants have infringed.

Defendants merely assert (on information and belief and without any detail) that a local restaurant and a golf club unrelated to Ravinia had the word "Ravinia" in their names in 2010, as if the existence of these two businesses is like kryptonite to Ravinia's 2010 trademark application covering the Services. As discussed below, the mere existence of these two businesses (all that is alleged) does not suggest, let alone support, a claim that Ravinia perpetrated a fraud on the PTO or otherwise made false statements to the PTO in the trademark application Defendants have put at issue.

Apart from these fundamental pleading deficiencies, which fully support dismissal of Count I, Defendants' Count I should be dismissed on two additional, independent grounds. First, Count I is barred by the applicable statute of limitations. Second, Count I should be dismissed, because Defendants do not have (and have not alleged) cognizable damages, as needed to state a claim under 15 U.S.C. § 1120.

The defects in Defendants' fraud allegations support the dismissal of Count I. Because, as shown by these defects, Defendants cannot plead a fraud claim in good faith and with requisite specificity, Count I should be dismissed with prejudice.[2]

## I. RELEVANT BACKGROUND

**A. The parties.** Plaintiff is the historic, not for profit music festival located in Highland Park, Illinois;[3] Defendants are owners of a Chicago brewery and brewpub and a Highland Park

---

[2] In response to Ravinia's Complaint, Defendants also asserted a second counterclaim ("Count II") for breach of contract. This Motion to Dismiss does not address Count II, and Ravinia has answered Count II. *See Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) (indicating that a party should answer counts not subject to a Rule 12 motion because there is "no reason for delaying the progress of litigation with respect to those counts of a complaint which are not addressed by a motion filed under F.R.C.P. 12(b).").

[3] *See* CClaims at ¶ 162 (Ravinia has been operating since its "formation" in 1936). As shown by the public record, Ravinia has been operating under its name and mark since at least 1936; predecessor entities have operated on Ravinia's property and under the Ravinia name since in or about 1902. Ravinia

brewpub which purportedly commenced operations in 2017 and 2018, respectively, under the name Ravinia Brewing Company. *See* CClaims at ¶¶ 157-59.

**B.    The Complaint.**   As alleged in Ravinia's Complaint, Defendants have been marketing their beer and bars in Chicago and Highland Park using the Ravinia name and mark in ways likely to confuse consumers, including through the sponsorship and marketing of live music under the Ravinia name and mark at both of their venues. *See* Complaint (Dkt. No. 1); *see also* CClaims at ¶ 202.

**C.  Counterclaim Count I.**  Among other allegations in their Counterclaims, Defendants acknowledge that they received notice of Ravinia's trademarks in February 2018, if not before. *See* CClaims at ¶¶ 190 & 192.[4] In particular, Defendants state that "[i]n or around the first week of February, 2018," they received a "letter saying [Ravinia] owned the trademark for the word Ravinia, and demanded that RBC pay royalties for use of this mark." CClaims at ¶ 190; *see also id.* at ¶192 (in 2018, RBC engaged trademark counsel to "investigate the surrounding facts" relating to Ravinia's assertion of trademark rights).

In Count I of their Counterclaims, Defendants baldly assert that Ravinia's '884 Registration was obtained by "fraudulent means." *Id.* at ¶¶ 204-05.  Count I alleges that the application filed by Ravinia in 2010 resulting in the '884 Registration was supported by a declaration made by Ravinia's Director of Finance and Administration, Bernadette Petrauskas, when she signed the application. *Id.* at ¶¶ 205-06.  Count I highlights the following language

---

has been providing the Services at issue since at least as early as 1964. *See* Entity Information for Ravinia Festival Association, The Office of the Illinois Secretary of State, File No. 24569837 (Incorporation Date: 04-22-1936).

[4] Defendants allege that the trademark at issue (U.S. Registration No. 3,913,884 (the "'884 Registration") for the RAVINIA Mark specifically protecting Ravinia's name in association with the Services) issued on February 1, 2011. *See* CClaims at ¶ 205. As discussed below, Defendants are deemed to have constructive notice of the '884 Registration as of this date of registration.

from the signature block of Ms. Petrauskas' declaration (in the form required by the PTO for all applications (*see* 15 U.S.C. § 1051(a) and(b)):

> to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive . . ..

CClaims at ¶ 206. Defendants also allege that the application for the '884 Registration included a statement that the mark had been in "substantially exclusive and continuous use in commerce for at least five years." *Id.* at ¶¶ 206. Defendants do not allege that any of these statements were false, were made with knowledge or belief that they were false, were made with the intent that the PTO would rely on such statements, or that the PTO relied on them.

Defendants' fraud counterclaim concludes with a general allegation, made on information and belief, that, as of the date of Ms. Petrauskas' 2010 declaration, two businesses with "Ravinia" in their names sold food and drink. *Id*. at ¶¶ 207. There is no allegation connecting these businesses or knowledge of them to Ravinia. The two businesses referenced by Defendants are identified as: (a) the "Ravinia Green Country Club" (which is previously described in the Counterclaims as a country club located *in the* Ravinia business district of Highland Park with a restaurant which was serving beer and food at least as of the date that defendant RBC was "formed" (*id.* at ¶ 168); no other facts relating to this country club are alleged, including how long it had or has used the word "Ravinia" or the nature of its food and beverage business); and (b) the "Ravinia BBQ and Grill" (which is previously described in the Counterclaims as a restaurant located in the Ravinia business district of Highland Park which was serving beer and food at least as of the date that defendant RBC was "formed" (*id.* at ¶ 168) and, on information and belief, as having opened in 1985 and closed in 2023 (*id.* ¶ 170)); the

4

Counterclaims include no other detail regarding the nature of this second business).[5]

The only damages claimed are Defendants' "attorney's fees and costs, loss of critical time and effort to steer their business towards profitability in a difficult environment, and unknown damages to its reputation as a result of these careless and uninformed claims." CClaims at ¶ 216.

## II.      ARGUMENT

### A. Motion to Dismiss Standard.

"A motion to dismiss a counterclaim for failure to state a claim is evaluated using the same standard as a motion to dismiss a complaint." *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe,* 241 F.Supp.3d 461, 473 (S.D.N.Y. 2017). When ruling on a Rule 12(b)(6) motion, the Court accepts the well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived from the facts in plaintiff's favor. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019); *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level,  . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must set forth the grounds "of [its] entitlement to relief" by offering more than "labels and conclusions." *Id*. at 555. "[A] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *Panaras v. Liquid Carbonic Indus. Corp*., 74 F.3d 786, 792 (7th Cir. 1996) (internal quotations

---

[5] Public records indicate that the Ravinia Green Country Club: (i) is a private country club; (ii) is located in Riverwoods, Illinois (which is not in the Ravinia business district but rather is approximately 10 miles west of the Ravinia business district); and (iii) was founded in 1967. *See* Ravinia Green Country Club, https://www.invitedclubs.com/clubs/ravinia-green-country-club/our-story (last visited January 30, 2024); Entity Information for Ravinia Green Country Club, The Office of the Illinois Secretary of State, File No. 48146422 (Incorporation Date: 11-03-1967).

and citation omitted). *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations;" "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (internal quotations and citations omitted).

**B. Defendants' First Counterclaim is Barred by the Applicable Statute of Limitations.**

Without needing to address the many fundamental defects of Defendants' pleading, Count I can be dismissed on statute of limitations grounds. Defendants' Count I is brought under the Lanham Act § 38, 15 U.S.C.A. § 1120, which provides for a cause of action for civil liability for damage caused by a fraudulently obtained trademark registration.[6] This Court uses the most applicable state law in setting the limitation periods for actions arising under the Lanham Act. *See Hot Wax, Inc. v. Warsaw Chem. Co*., 45 F.Supp.2d 635, 647 (N.D. Ill. 1999) (the Illinois Consumer Fraud Act's statute of limitations, which is three years, applies in Lanham Act cases); *see also Baniel v. Guild*, No. 99 C 7183, 2000 WL 1349254, at *4 (N.D. Ill. Sept. 19, 2000) ("At this point, it is unnecessary to address whether the three-year statute of limitations under the Illinois Consumer Fraud Act or the five-year statute of limitations under Illinois common law fraud is the applicable state statute.") (Court did not pick between limitations periods as factual issues precluded election); 6 *McCarthy on Trademarks and Unfair Competition* at § 31:85 (5th

---

[6] Lanham Act § 38, 15 U.S.C.A. § 1120, reads as follows:

Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

ed.) (hereafter "*McCarthy*") ("Since the Lanham Act has no statute of limitations, the closest state statute may be used.").

Defendants are charged with imputed knowledge of the matters involved in Count I as the date of the issuance of the '884 Registration — *i.e.,* February 1, 2011. *See* 15 U.S.C. § 1072; *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 142-43 (2015). ("Registration … serves as constructive notice of the registrant's claim of ownership of the mark.") (internal quotation marks omitted). Regardless, by their own pleading, Defendants concede that they were on notice of the issues they raise in their Count I at least as of early February 2018 – *i.e.,* approximately six years ago. *See* CClaims at ¶¶ 190, 192. Regardless of whether the Court applies the three-year statute from the Illinois Consumer Fraud Act (815 ILCS 505/10a(e)) or the five-year statute of limitations applicable to common law fraud (735 ILCS 5/13-205), and regardless of whether the Court deems that the statute started to run in 2011 or in 2018, Defendants' Count I is time barred. *See Beauty Time, Inc. v. Vu Skin Sys., Inc*., 118 F.3d 140,143 (3rd Cir.1997) (when fraud is used as a basis for challenging the validity of incontestable registration, the claim must be asserted within the applicable statute of limitations and the claim arose as of the date of registration, not on the date the registration was asserted against a third party); *Off. Airline Guides, Inc. v. Gross*, 6 F.3d 1385, 1395-96 (9th Cir.1993) (same). On this basis alone, Count I should be dismissed.

**C. Defendants Have Not and Cannot Plead Fraud on the PTO.**

Even if Defendants' Count I is not time-barred (it is), Defendants fail to plead a fraud claim. "Fraud in obtaining a trademark registration occurs when an applicant knowingly makes a false, material misrepresentation of fact in connection with its application." *Haggar Int'l Corp. v. United Co. for Food Indus. Corp*., 906 F. Supp. 2d 96, 107 (E.D.N.Y. 2012); *Slep-Tone Ent.*

7

*Corp. v. Coyne*, No. 13 C 2298, 2015 WL 127836, at *3 (N.D. Ill. Jan. 8, 2015) (*citing In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed.Cir.2009)); *see also Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666, 670 (7th Cir.1982) ("Fraud will be deemed to exist only when there is a deliberate attempt to mislead the Patent Office into registering the mark."). "The party seeking cancellation [of a trademark] on the basis of fraud must establish [i] that the registrant misrepresented a material fact, [ii] that the registrant knew or should have known that its representation was false, [iii] that the registrant intended to induce the [USPTO] to act in reliance thereon, [iv] that the [PTO] reasonably relied on the misrepresentation, and [v] that damages proximately resulted from that reliance." *A.V.E.L.A., Inc.* at 479-80, 481 (citations omitted) (dismissing fraud claim where counterclaim plaintiff had not pled with particularity that trademark owner fraudulently procured its marks; "Far from 'leav[ing] nothing to speculation, conjecture, or surmise,' . . . the allegations in Counterclaim Three raise more questions than they answer.") (citations omitted).

As with any allegation of fraud, a claim that fraud has been committed on the PTO must be pled with the particularity required by Fed.R.Civ.P 9(b). The plaintiff "must state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), and must "provide 'precision and some measure of substantiation' to each fraud allegation." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019) (*quoting United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016); *see also King Auto., Inc. v. Speedy Muffler King, Inc.*, 667 F.2d 1008, 1010-11 (C.C.P.A. 1981); *Louis Vuitton Malletier v. Dooney and Bourke, Inc.*, No.04 cv 5316, 2006 WL 2807213, at *4 (S.D.N.Y. Sept. 28, 2006); *see also McCarthy* § 31:84 ("Federal Rule of Civil Procedure § 9(b) requires specificity in pleading fraud. This means that a mere conclusory allegation that trademark registration rights were obtained or maintained by fraud is not sufficient.") (citations omitted). Rule 9(b)'s

8

heightened pleading requirement "serves to 'provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit.'" *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12-CV-5354 KAM RLM, 2014 WL 1311979, at *4 (E.D.N.Y. Mar. 28, 2014) (*quoting Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004)).

As commentators and courts recognize, Rule 9's strict pleading requirements for fraud claims are rigidly applied in the trademark context:

> Both the courts and the Trademark Board regard charges of fraud in procurement of a trademark registration as a disfavored defense. The Federal Circuit has stated that one who alleges such fraud bears a "heavy burden of proof," that the standard is "clear and convincing evidence" and that an allegation of fraud "should not be taken lightly." . . .

6 *McCarthy* § 31:68 (citations omitted). The Seventh Circuit similarly has held that:

> Fraud [on the PTO] must be shown by clear and convincing evidence in order to provide a basis for either cancellation or damages. … Fraud will be deemed to exist only when there is a deliberate attempt to mislead the Patent [and Trademark] Office into registering the mark.

*Money Store*, 689 F.2d at 670; *see also In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009) (citations omitted):

> A party seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof. … Indeed, "the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party."

Evidence that a registrant made "a false statement" to the PTO "is not sufficient to cancel a mark." *Quality Serv. Grp. v. LJMJR Corp.*, 831 F.Supp.2d 705, 710 (S.D.N.Y. 2011) (*quoting L.D. Kichler Co. v. Davoil Inc.*, 192 F.3d 1349, 1351 (Fed. Cir. 1999)). Nor is proof that the registrant made "an error or inadvertent misstatement." *Id*. Rather, a party claiming that a trademark was procured by fraud must establish that the registrant acted "with intent to deceive"

9

and made "a misstatement of a material fact," i.e., a fact "that would have affected the [PTO's] action on the application[ ]" in question." *Id*. (internal quotations omitted) (*quoting Orient Exp. Trading Co. v. Federated Dep't Stores, Inc.*, 842 F.2d 650, 653 (2d Cir. 1988)).

A party alleging that a trademark registrant committed fraud on the PTO must "present proof that leaves 'nothing to speculation, conjecture, or surmise.'" *DeBeers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*, 440 F.Supp.2d 249, 267 (S.D.N.Y. 2006) (*quoting Marshall Field & Co. v. Mrs. Fields Cookies*, 1992 WL 421449, at *9 (T.T.A.B. 1992)). "Should there be any doubt, it must be resolved against the party making the claim." *Id*. (internal quotations omitted) (*quoting Marshall Field*, 1992 WL 421449, at *9).

Defendants have not and cannot come close to satisfying this heavy pleading burden. Defendants' Count I is devoid of any assertion (let alone specific facts) regarding Ravinia's representative's scienter or intentionality. Defendants have not and cannot plead these elements of a fraud claim with the requisite specificity.

It appears that Defendants' fraud claim hinges on the baseless implication that Ravinia could not have submitted truthful declarations in its application that its use of RAVINIA was substantially exclusive or that it believed no other person had the right to use the mark in commerce due to the mere existence of the Ravinia Green Country Club and the Ravinia BBQ and Grill. But there is no basis in trademark law for this position. The pleadings and publicly available information make clear that Ravinia's prominent use of its name and mark (including in connection with food and beverage services) predates the two third parties that Defendants reference in their Count I. Thus, not surprisingly, Defendants did not and cannot allege that the two other businesses identified in Count I are superior or non-infringing, as is required to maintain Defendants' fraud claim.

10

When submitting the statutorily prescribed ownership statement Defendants allude to, only third-party users with superior rights in the claimed mark must be acknowledged, and, if the declarant in a trademark application had a rational basis for believing that other users did not have rights superior to the applicant, then the declaration cannot be the basis for a fraud claim. *See Kelly Servs. Inc. v. Greene's Temporaries Inc.,* 25 U.S.P.Q.2d 1460, 1463, 1992 WL 430461 (T.T.A.B. 1992) ("[A]n applicant that believes its right to register a mark is superior to that of another user of the same or similar mark will not be held to have committed fraud by signing an application with the statutorily prescribed ownership statement."); *All. for Good Gov't v. Coal. for Better Gov't*, 901 F.3d 498, 507 (5th Cir. 2018) (no fraud was committed by signing oath knowing of the junior user where signer reasonably believed it had a superior right; dismissing fraud allegation); *see generally* 6 *McCarthy* § 31:77 ("Under Fed. Rule Civ. Proc 9(b), a sufficient pleading of fraud based on a failure to disclose use by others must consist of 'more than a mere conclusory allegation that the defendant 'knew' about a third party's superior rights in the mark.'") (citing *Intellimedia Sports Inc. v. Intellimedia Corp.*, 43 U.S.P.Q.2d 1203, 1207 (T.T.A.B. 1997) ("The plaintiff must plead particular facts which, if proven, would establish that, as of the application filing date, the defendant believed that the third party had superior or clearly established rights and that a likelihood of confusion would result from applicant's use of its mark.")).[7]

Likewise, when claiming "substantially exclusive" use in commerce, third party uses of the same mark that are inconsequential do not negate a claim to substantially exclusive use. *See*

---

[7] The Seventh Circuit has expressly held that an applicant does not have the duty to investigate and report to the PTO other possible users of the same or similar mark. *Money Store*, 689 F.2d at 671; *see also V & V Food Prod., Inc. v. Cacique Cheese Co., Inc.*, 683 F. Supp. 662, 668 (N.D. Ill. 1988) (holding that the Lanham Act does not require an applicant to investigate and report to the PTO all other possible users of a similar mark).

*L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 52 U.S.P.Q.2d 1307 (Fed. Cir. 1999) (reversing summary judgment that registration be canceled for fraud in § 2(f) registration because some other companies used similar designations; the statutory term "substantially" exclusive use makes allowance for minor uses and infringing uses); 6 *McCarthy* § 31:69 ([T]hat some other uses of the same mark existed does not mean that the declaration was fraudulent because applicant's use was not 'substantially exclusive.' If such uses were either inconsequential or were infringing, there was no fraud.") (citations omitted).

Defendants have failed to allege that Ravinia (or Ms. Petrauskas) has made a false representation to the PTO, that Ravinia knew any such representation was false, that Ravinia made a false representation with intent to deceive the PTO, or that the PTO relied on such information. Because Defendants have no basis to allege that Ravinia's 2010 declaration was false, given that Ravinia was clearly the prior user of the RAVINIA mark and holds superior rights, Defendants cannot in good faith amend to plead the required allegations.

#### D. Defendants Do Not Have Cognizable Damages.

Leaving aside both that Count I is time barred and improperly pled, it also should be dismissed, because Defendants do not have a legally cognizable injury. Litigation costs and fees are the only actual damage claimed by Defendants in Count I. Other claimed "damages" are speculative and purportedly caused by the filing of the litigation. *See* CClaims at ¶ 216 (asserting damages "in the form of . . . attorney's fees and costs, loss of critical time and effort [responding to the lawsuit] . . . , and unknown damages to its reputation [as a result of the lawsuit].").

But the law is clear that damages for a claim for fraud on the PTO must be proximately caused by the alleged fraud. "Damages" purportedly caused by or arising from the filing of a

12

trademark infringement lawsuit itself, including fees expended in litigating against a purportedly fraudulently obtained registration, are not cognizable damages and are not recoverable under Lanham Act § 38, 15 U.S.C.A. § 1120. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132-33 (2014) ("[A] statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute. . . . [T]he proximate-cause requirement generally bars suits for alleged harm that is 'too remote' from the defendant's unlawful conduct."); 6 *McCarthy* at § 31:86 ("Any damage must be proximately caused by assertion or use of the fraudulently procured registration, not solely from the false declaration."); *see also AutoZone, Inc. v. Strick*, No. 03 C 8152, 2005 WL 2978708, at *4 (N.D. Ill. Nov. 3, 2005) (dismissing § 1120 counterclaim where damages claimed were litigation costs incurred in defense of plaintiffs' action to enforce their mark; "Defendants claim they are incurring litigation costs in defense of plaintiffs' lawsuit seeking to enforce the mark. Such costs, however, are not an injury or damages that can support a § 1120 claim."); *see also Exxon Corp. v. Exxene Corp.*, 696 F.2d 544, 550-51 (7th Cir. 1982) (Posner, J.) (vacating jury verdict on counterclaim of $250,000 in legal fees; "Exxene had no justification for filing a counterclaim if it could not prove any injury") (*citing Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 497 F.2d 433, 438-39 (2d Cir. 1974) (affirming dismissal of counterclaim where only damages were attorney's fees)).

Count I should be dismissed with prejudice on this independent ground.

### III.   CONCLUSION

Defendants have no basis to maintain a claim that Ravinia perpetrated a fraud on the PTO.  Count I should be dismissed with prejudice, and the Court should provide Ravinia with such other relief as is just.

Dated:  February 5, 2024                                              Respectfully submitted,

By:  /s/ *Eric D. Brandfonbrener*
Eric D. Brandfonbrener (No. 6195674)
Jeremy L. Buxbaum (No. 6296010)
Perkins Coie LLP
110 North Wacker Drive, 34th floor
Chicago, Illinois 60606
Tel:  (312) 324-8400
Fax:  (312) 324-9400
Email:  ebrand@perkinscoie.com
           jbuxbaum@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF/**
**COUNTER DEFENDANT**
**RAVINIA FESTIVAL ASSOCIATION**

CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2024, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which will send notification of such filing to the

following email addresses:

Michael J. Delrahim
Shelley Smith
Andrew A. Jacobson
Brown, Udell, Pomerantz & Delrahim, Ltd.
180 North LaSalle Street, Suite 2850
Chicago, Illinois 60601
Tel:  (312) 475-9900
Email: MDelrahim@bupdlaw.com
ssmith@bupdlaw.com
ajacobson@bupdlaw.com

By: */s/ Eric D. Brandfonbrener*