IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAVINIA FESTIVAL ASSOCIATION, a not for profit corporation, ) ) ) Plaintiff, ) ) v. ) ) RAVINIA BREWING COMPANY LLC, and RAVINIA BREWING COMPANY CHICAGO, LLC, ) ) ) Defendants. ) | Case No. 1:23-cv-15322 Hon. Manish S. Shah JURY DEMANDED |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM, COUNT I**

Plaintiff, Ravinia Festival Association ("Ravinia Festival"), is a not for profit that presents seasonal outdoor musical performances in Highland Park, Illinois. Defendants, Ravinia Brewing Company LLC, and Ravinia Brewing Company Chicago, LLC (referred to collectively as "Ravinia Brewing"), operate a local brewery and beer pub business in Highland Park and Chicago, Illinois, respectively. Since opening their first brewery and brewpub in 2017, Defendants have used the RAVINIA BREWING mark, Reg. No. 5,423,771. Ravinia Festival has filed no objection with the U.S. Patent and Trademark Office (the "PTO") to Defendants' RAVINIA BREWING mark at any time from the date the application was submitted in 2015 to the mark's registration in 2018.

Despite the geographical meaning of the term "Ravinia," for the town of Ravinia formed in 1873, and used thereafter by businesses operating in or around what is now the Ravinia neighborhood of Highland Park, and further despite several businesses serving/selling food and beverages and/or hosting live music performances using the word "Ravinia" as the first word in

each business name[1], Ravinia Festival has alleged in its Complaint of October 25, 2023, that the mere use of the word "Ravinia" in Defendants' registered mark supports eleven federal and state claims for trademark infringement, false designation of origin, dilution, consumer fraud and unfair competition. In response to Ravinia Brewing's Answer, Affirmative Defenses and Counterclaims (the "CClaims"), Ravinia Festival has filed a Rule 12(b)(6) motion to dismiss (the "Motion") Count I of the Counterclaims ("Count I"). Count I asserted a claim under Section 38 of the Lanham Act, 15 U.S.C. § 1120, based on fraudulent misrepresentations Ravinia made in its application for the RAVINIA trademark, Reg. No. 3,913,884 (the "RAVINIA Mark") concerning the existence and rights of other businesses using "Ravinia" to designate goods or services. Only the RAVINA Mark was issued under Class 43, "For: Restaurant Services; Catering Services; Offering Banquet Facilities in Class 43." [2] (Complaint, Ex. A.) None of Ravinia Festival's marks cover brewing or selling beer. (*Id.*)

Ravinia Festival's Motion argued that Count I should be dismissed as untimely and insufficiently plead. Their arguments are without merit, and the Motion should be denied, for the reasons discussed below. In the alternative, Ravinia Brewing requests an opportunity to replead, as appropriate for an initial pleading. *See, e.g., Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510 (7th Cir. 2015); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

---

[1] Ravinia Elementary School founded in 1897 and operating today; Ravinia Green County Club founded in 1967 and operating today; Ravinia BBQ founded in 1985 and operating until 2015; Ravinia District's Food Truck Thursdays founded in 2017 and operating summers from June – September on Thursdays; Ravinia Farmer's Market founded in 1978 and operating for the last 45 years from June – October, among others.

[2] Ravinia Festival alleged infringement of another "RAVINIA" mark, Reg. No. 3,916,753, but this mark was registered under "Int. Cl.: 41 For: Entertainment Services; namely presentation of performing arts shows and conducting performing arts festivals." (Cmplt. Ex. A)

**Argument**

I.    **Count I is Timely Because the Claim Did Not Accrue Under the Illinois Discovery Rule Until Defendants Received Ravinia Festival's Letter of August 23, 2023.**

Ravinia Festival contends that Count I is untimely because the statute of limitations was triggered when the RAVINIA Mark was registered in 2011, under Section 22 of the Lanham Act, or when Ravinia Festival objected to Ravinia Brewery's use of its RAVINIA BREWING mark in 2018. Neither argument is persuasive.

The registration of the RAVINIA Mark in 2011 did not trigger the statute of limitations for several reasons. First, Ravinia Festival has cited no authority for charging corporate entities, like Defendants, with constructive knowledge of a trademark registration issued years before they were formed.[3] Second, and most importantly, the Lanham Act does not contain a statute of limitations, never mind doctrines on accrual and tolling of statutes of limitations, and courts therefore apply the most applicable state law on these issues. *See, e.g.*, *Beauty Time, Inc. v. VU Skin Sys.*, 118 F.3d 140, 142-144 (3d Cir. 1997). Section 22 of the Lanham Act does not purport to supplant state statute of limitations doctrines, such as rules on the accrual of a cause of action, which are essential to their application. *Id.* at 144-150.

The constructive notice provision of Section 22 of the Lanham Act was not adopted to trigger accrual of causes of action for limitations purposes, but to eliminate the "innocent use" and good faith remote user defenses to infringement claims and the problem of concurrent use. *In re Beatrice Foods Co.*, 57 C.C.P.A. 1302, 429 F.2d 466 (C.C.P.A. 1970) (finding that "the constructive notice provision of § 22 of the Lanham Act (15 U.S.C. 1072), takes away from future users of the mark registered the defense of innocent appropriation.")

---

[3] Ravinia Brewing Company, LLC was formed on July 23, 2014 and Ravinia Brewing Company Chicago, LLC was formed on March 8, 2017. CClaims ¶¶ 158, 176.

In its Motion, Ravinia Festival relied on *Beauty Time, Inc. v. VU Skin Sys.*, 118 F.3d 140 (3d Cir. 1997), stating that the Section 38 claim in *Beauty Time* "arose as of the date of registration, not on the date the registration was asserted against a third party." (Motion at 7.) But in *Beauty Time*, the court *vacated* the district court's order dismissing plaintiff's Section 38 fraud claim as time-barred, rejected the district court's reliance on Section 22's constructive notice provision for the accrual date, and held that tolling principles under state law, specifically the discovery rule, governed accrual of the state statute of limitations. 118 F.3d at 144-150.

After finding that plaintiff's Section 38 claim was governed by Pennsylvania's statute of limitations for fraud claims, the court in *Beauty Time*, held that "Pennsylvania tolling principles would also be applicable in determining whether this suit is time-barred." 118 F.3d at 144-150 (collecting cases). The court went on to discuss, at length, Pennsylvania's discovery rule for the accrual of limitations periods. *Id.* The plaintiff's infringement claims were based on an oral assignment of defendant's registered trademark, and plaintiff's fraud claim was based on defendant's fraudulent representations that it was the sole authorized user of the mark in a later re-registration affidavit. *Id.* at 142-143. The Third Circuit remanded the case with the fraud claim for "further proceedings to determine when the plaintiffs first became aware that [defendant] was using the DPM trademark separate and independently of its use by [plaintiff]." *Id.* at 149.[4]

Similarly, Illinois law has adopted the discovery rule for the accrual of statutes of limitation

---

[4] The two other cases Ravinia Festival cites for its constructive notice argument are *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138 (2015) and *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1395-96 (9th Cir. 1993) (Mot. at 7). In *B&B Hardware*, an issue preclusion case, the court did not address the issue of whether registration of a trademark triggered a statute of limitations because no statute of limitations defense was asserted. In context, the statement concerning Section 22 which Ravinia Festival quotes from *B&B Hardware* was made in an introductory explanation of trademark law "going back at least to Roman times." The Ninth Circuit's decision in *Official Airline* does support Ravinia Festival's position, but the court did not discuss the discovery rule of Illinois or any other state, and is therefore inapposite here.

4

for fraud and other claims in tort. *See, e.g.*, *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 414 (1981). Under this rule, "the statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Id.* at 415. The 2011 registration of the RAVINIA Mark, coming as it did years before the Defendants were formed, does not satisfy the discovery rule for the triggering of the Illinois statute of limitations.

Alternatively, Ravinia Festival argued that the statute of limitations for Count I began in 2018, when the parties first discussed the RAVINIA Mark. (Mot. at 7.) But Ravinia Festival did not file for infringement in 2018, or even insist that Ravinia Brewing cease and desist its use of its RAVINIA BREWING mark. Instead, Ravinia Festival entered into an agreement whereby it would *not* object to Ravinia Brewing's use of its RAVINIA BREWING mark provided certain conditions were met (the "2018 Agreement"). (CClaims ¶¶ 190-196.)

Because Ravinia Brewing used its RAVINIA BREWING mark without objection for the next five years, Ravinia Brewing's claim for fraud did not accrue until it received Ravinia Festival's August 23, 2023 letter purporting to rescind the 2018 Agreement; notably, nothing in the 2018 Agreement grants a remedy of recission to Ravinia Festival. It was only when Ravinia Festival received this letter, and was rebuffed in its efforts to resolve the matter amicably, that Ravinia Festival knew it had a claim against Ravinia Festival for its assertion of a fraudulently obtained trademark. Accordingly, Ravinia Brewing's Count I is timely under either the three-year statute of limitations of the Illinois Consumer Fraud Act [5] or the five-year statute of limitations for

---

[5] The three-year statute does not apply because a claim for fraudulent procurement of a trademark under Section 38 of the Lanham Act is not analogous to a claim under the Illinois Consumer Fraud Act, where Illinois consumers, not the PTO, are the targets. Ravinia Festival relies on *Hot Wax, Inc. v. Warsaw Chem. Co., Inc.*, 45 F. Supp. 2d 635 (N.D. Ill. 1999), for the proposition that the Illinois Consumer Fraud Act's three-year statute of limitations "applies to Lanham Act claims." (Motion at 6.) But *Hot Wax* dealt with a claim for false advertising under Section 43(a) of the Lanham Act, not a Section 38, and sheds no light on whether the Illinois Consumer Fraud statute is analogous to Section 38 for limitations purposes.

common law fraud. The Motion's attempt to dismiss Count I as untimely should therefore be rejected.

II. **Count I Pleads the Elements of Fraudulent Procurement of a Federal Trademark Registration with Specificity as Required by Rule 9(b).**

Ravinia Festival's second argument is that Ravinia Brewing has not and could not plead a claim for fraudulent registration with the specificity required by Rule 9(b). (Mot. 7-12.) As shown below, Ravinia Brewing has alleged facts that are more than sufficient to show that Ravinia Festival failed to comply with its duty of candor before the PTO and knowingly made material, false statements of fact in its application for the RAVINIA Mark, with the intent that the PTO rely on them, that the PTO did rely on these statements in issuing the RAVINIA Mark registration, and that Ravinia Brewing has been injured as a result.

The central flaw in Ravinia Festival's pleading sufficiency argument is that it confuses the standard for pleading a claim with the standard for proof at the summary judgment and trial stages of a case.[6] *See, Gaffrig Perf. Indus. V. Livorsi Marine,* No. 99 C 7778, 2001 U.S. Dist. LEXIS 8481 *10 (N.D. Ill. 2001) ("While fraud must be proven with clear and convincing evidence, claims of fraud on the PTO are far easier to plead than prove; and Plaintiff has successfully plead fraudulent procurement of a federal trademark registration.") As the Seventh Circuit has explained, to plead fraud with specificity under Rule 9(b) a plaintiff must plead the "who, what, when, where,

---

[6] Ravinia Festival's citations include cases decided after discovery is complete, either on summary judgment, *L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349 (Fed. Cir. 1999), or trial, *In re Bose Corp.,* 580 F.3d 1240, 1245 (Fed. Cir. 2009); *Money Store v. Harriscorp Fin., Inc.*, 689 F.2d 666 (7th Cir. 1982) (reversing verdict cancelling a mark for trial, based on the extensive advice plaintiff received prior to registration from a trademark attorney who conducted a thorough search for prior use of the mark and had good reasons for concluding that these uses did not bar registration.); *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate Inc.*, 440 F. Supp. 2d 249 (S.D.N.Y. 2006); *Marshall Field & Co. v. Cookies*, 1992 TTAB LEXIS 52 (Trademark Trial & App. Bd. September 21, 1992).

and how" of the alleged fraud. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 739 (7th Cir. 2019). In *Gaffrig*, the court denied a motion to dismiss a Section 38 claim, noting that, "[t]he specificity requirements of Rule 9(b) are designed to ensure that defendants are provided enough information to adequately formulate responsive pleadings, and must be read in conjunction with Rule 8, which requires only a 'short and plain statement' of the claim." *Id.* at *10.

Count I alleges the "who, what, when, where, and how" of Ravinia Festival's fraud on the PTO, and provides Ravinia Festival with more than enough information to respond. Specifically, Count I alleges that in its application for the RAVINIA Mark (*where*) (CC Claims ¶ 205), filed on June 16, 2010 (*when*) (*id.*), Ravinia Festival submitted a declaration (*where*) (*id.* ¶ 206), signed under oath by Bernadette Petraukas (*who*) (*id.*), its Director of Finance and Administration, which falsely and fraudulently (*id.* ¶ 204), stated that: "*no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive,*" (*what*) (*id.* ¶ 206), despite the existence of the Ravinia Green Country Club and the Ravinia BBQ and Grill (*how*) (*id.* ¶ 207).

Courts have repeatedly held that similar allegations are sufficient to defeat a motion to dismiss a claim for fraudulent procurement of a trademark. In *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 CV 5316, 2006 U.S. Dist. LEXIS 71091 *15 (S.D.N.Y. Sep. 28, 2006), the court denied plaintiff's motion to dismiss defendant's counterclaim of fraudulent procurement of a trademark, holding that, "Dooney & Bourke [defendant] has sufficiently pled fraud on the PTO by alleging that '[o]n July 3, 1997, Yves Carcelle, [Louis Vuitton's] President and CEO, submitted to the PTO a Combined Declaration Under Sections 8 and 15 of the Trademark Act [claiming] that the [Serrure S mark] had been in continuous use by [Louis Vuitton] for five consecutive years . . .

7

That statement was false, and [Louis Vuitton] knew or should have known it was false,'" and had further alleged that, the mark "'has damaged [Dooney & Bourke] by providing [Louis Vuitton] with an illicitly gained registration upon which [Louis Vuitton] has grounded in part [Louis Vuitton's] claims in this case.'" (quoting *Gaffrig Performance Indus. v. Livorsi Marine, Inc.*, 2001 U.S. Dist. LEXIS 8481, No. 99 Civ. 7778, 2001 WL 709483, at *4-5 (N.D. Ill. June 25, 2001). *See also*, *Slep-Tone Entm't Corp. v. Kalamata, Inc.,* 75 F. Supp. 3d 898, 906 (N.D. Ill. 2014) (denying Rule 12(b)(6) motion to dismiss fraudulent registration claim where allegations that plaintiff committed fraud in the form of material misrepresentations to the PTO fulfilled the "who" and "what" requirements of Rule 9(b), the pleading fulfilled the "how" requirement by alleging that the misrepresentation was that the mark had been "used in commerce," and satisfied the "where" and "when" requirements by alleging that plaintiff made the misrepresentations in its trademark application submitted to the PTO on a specific date); *Slep-Tone Entm't Corp. v. Teddy O'Brian's, Inc.*, No. 14 C 3570, 2014 U.S. Dist. LEXIS 134272, 2014 WL 4783048, at *1 (N.D. Ill. Sept. 24, 2014) (same); *Top Producer Sys. v. Software Sciences*, 1997 U.S. Dist. LEXIS 12368, No. 97 Civ. 0415, 1997 WL 723049, at *8 (D. Or. July 21, 1997) ("Defendant has sufficiently plead fraud by identifying a specific document, the date it was filed with the Patent and Trademark Office, and the alleged misrepresentations.")

Along with providing the requisite specificity for Rule 9(b), the allegations of Count I also plead the elements of a Section 38 claim. *Haggar Int'l Corp. v. United Co. for Food Indus. Corp.,* 906 F. Supp. 2d 96, 107 (E.D.N.Y. 2012) ("Fraud in obtaining a trademark registration occurs when an applicant knowingly makes a false, material misrepresentation of fact in connection with its application.") (Mot. at 7.) Ravinia Festival did not dispute the sufficiency of Count I's allegations that the relevant representations were made "in connection with its application" for the

8

RAVINIA Mark, that the representations were of fact, or that they were material in the PTO's decision to issue the mark. Ravinia Festival's arguments were that Count I did not allege that the statements were false, or that the declarant made them with knowledge that they were false. (Mot. at 4.) Ravinia Festival is wrong on both points.

For background, Section One of the Lanham Act requires registrants to make a verified statement that they are unaware of superior rights to the mark for which they seek registration. 15 U.S.C. §§ 1051(a)(1)(A), (b)(1)(A). Specifically, § 1 demands that registrants submit a written application which is verified by the applicant. 15 U.S.C. § 1051 (a)(1). That application must specify the date of the applicant's first use of the mark; the date of the applicant's first use of the mark in commerce; the goods in connection with which the mark is used; and the manner in which the mark is used in connection with those goods. *Id.* Furthermore, the application must include a statement from the applicant verifying his belief that he is the owner of the mark and that no other person or entity has the right to use the mark in commerce. *Id.* Ravinia Festival does not dispute that Bernadette Petraukas submitted her sworn declaration to satisfy this statutory requirement.

Count I alleged that Petraukas' statements were false because on June 16, 2010, when Ravinia Festival filed its application for the RAVINIA Mark to cover restaurants, two other restaurants were using the "Ravinia" mark for the same Class 43 restaurant services. (CC Claims ¶ 207.) These included Ravinia BBQ Bar and Grill, a local restaurant in business since 1985 (*id.* ¶ 170), and Ravinia Green Country Club (*id.* ¶ 168), which, as Ravina Festival itself notes, has been in business since 1967. Ravinia BBQ Bar and Grill operated continuously from 1985 for thirty-eight years at the same location in the Ravinia Business District at 592 Roger Williams Avenue, Highland Park, Illinois. (CC Claims ¶ 170.) Thus, when Ravinia Festival filed its trademark application, Ravinia BBQ and Grill had been using the mark "Ravinia" for twenty-five years and

9

Ravinia Green Country Club had been using the mark for forty-three years, all without interference by Ravinia Festival. It is under these circumstances that Ravinia Festival told the PTO that no one else had the "right to use the mark in commerce" in connection with restaurant services. (CC Claims ¶ 206.)

In its Motion, Ravinia Festival argued that these allegations are insufficient, as a matter of law, to show that Petraukas' statements were false, based on its self-serving statement that it "clearly" had a superior right to exclusive use of the term "Ravinia" over these long-standing restaurants. (Mot. at 10-11.) The Motion further stated that, "[t]he pleadings and publicly available information make clear that Ravinia's prominent use of its name and mark (including in connection with food and beverage services) predates the two third parties that Defendants reference in their Count I." (*Id.* at 10.) No citations are provided here to the Defendants' pleadings, which are alone deemed true on a motion to dismiss, or to any information subject to judicial notice. And one could as easily say that by failing to object to the use of "Ravinia" by other businesses for food and beverage services, for as long as forty-three years, Ravinia Festival "clearly" did *not* believe it had a senior, superior, or exclusive right to use "Ravinia" as a trademark for its food and beverage services when it filed its RAVINIA Mark application.

Longstanding use in commerce of a mark for the same use creates rights superior to a later-filed application. *See, e.g., Johnny Blastoff, Inc. v. L.A. Rams Football Co.,* 188 F.3d 427, 434 (7th Cir. 1999) ("The party who first appropriates the mark through use, and for whom the mark serves as a designation of source, acquires superior rights to it."). The business who first appropriated the mark "Ravinia" for restaurant services, through use, and for whom the mark served as a designation of source, acquired superior rights to it. Ravinia Festival has not and cannot resolve these issues on a motion to dismiss, where the factual allegations of Count I are presumed true.

10

With regard to scienter, it is undisputed that Ravinia Festival's property and operations are located in Highland Park, the town in which the Ravinia neighborhood is located. (CC Claims ¶ 159), and it is more than plausible to conclude that Ravinia Festival's employees, including declarant Bernadette Petraukas, worked and dined there. Ravinia Festival's Lawn & Tent Catering Menu published in 2018 even leveraged *Ravinia BBQ*'s tradename and goodwill derived over 30 years as Ravinia Festival shamelessly advertised a "RAVINIA BBQ" reception station catering package. As the court held in *In re Bose Corp.,* 580 F.3d 1240, 1245 (Fed. Cir. 2009), "'because direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence,'" (quoting *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008)). And it takes more than a self-serving statement of subjective good faith to deprive a party of its right to a jury trial on its Section 38 claim. *See, e.g., Starsurgical Inc. v. Aperta, LLC,* 40 F. Supp. 3d 1069, 1084 (E.D. Wis. 2014) (denying motion for summary judgment on plaintiff's claim for fraudulent trademark registration despite declarant's response that he "honestly believed," in his ownership of the mark); *Specialized Seating, Inc. v. Greenwich Indus., L.P.,* 472 F. Supp. 2d 999, 1017-18 (N.D. Ill. 2007) (finding intent to defraud the PTO in registration of a trademark based on a failure to disclose expired patents).

The issue of scienter is therefore one for the trier of fact, who could reasonably determine that a senior executive of Ravinia Festival, working in Highland Park, cannot credibly testify that she was unaware of the Ravinia BBQ and Grill or the Ravinia Green Country Club or of their long-standing use of the word "Ravinia" for their restaurant services. As to whether Petraukas can credibly testify that she believed Ravinia Festival's right to the RAVINIA Mark for restaurant services was superior to that of these businesses, that is a determination of fact and law that cannot be resolved on a Rule 12(b)(6) motion to dismiss.

### III. Count I Cannot Be Dismissed for Failure to Allege Damages

Ravinia Festival's last argument for dismissal is that Count I does not seek cognizable damages because attorney's fees and costs in defending an infringement suit are unavailable under the statute. (Mot. at 12-13.) Section 38 itself does not refer to attorney's fees, but states, in its entirety "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120.

Ravinia Brewing has alleged recoverable damages under Section 38 because if Ravinia Festival is awarded the injunctive relief it seeks based on its fraudulently obtained RAVINIA Mark, Ravinia Brewing could no longer use their own registered RAVINIA BREWING mark to sell beer and food in their brewpubs. The damage such an order would have on Ravinia Brewing would be immense, as Ravinia Brewing has used its RAVINIA BREWING mark since opening for business, and its customers know it by no other name. In addition to losing the good will it has acquired using the RAVINIA BREWING mark, Ravinia Brewing would incur significant costs for rebranding on, inter alia, its beer cans, buildings, menus, and in its print and social media marketing. Losses from enforcement of a fraudulently procured trademark by enjoining defendants' business activities are sufficient to defeat a motion to dismiss counterclaims challenging such a mark under Sections 14 and 38 of the Lanham Act. *See*, *Roxbury Entertainment v. Penthouse Media Group,* Case No. 2:08-cv-03872, 2009 U.S. Dist. LEXIS 72988, at **4-5 (C.D. Cal. 2009) ("Moreover, it is clearly established that actual damage need not be pleaded or proved to establish standing.") (*citing Star-Kist Foods, Inc. v. P.J. Rhodes & Co.,* 735 F.2d 346, 348-49 (9th Cir. 1984) ("We agree with the Federal Circuit 'that there is no requirement that

damage be proved in order to establish standing . . .'" (*quoting International Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir. 1984)).

In *Roxbury*, the court denied plaintiff's motion to dismiss defendants' counterclaims for fraudulent procurement of a trademark under Sections 14 and 38 of the Lanham Act, finding that, "The outcome of this litigation will dictate whether Defendants will be able to further exploit their film and generate future revenue. Therefore, Defendants' allegations, which are taken as true, are sufficient to establish that Defendants will be damaged, if they have not already been damaged by the continued registration of Plaintiff's marks." 2009 U.S. Dist. LEXIS 72988, at *4. Ravinia Brewing will be similarly injured if Ravinia Festival is successful in enjoining their use of the RAVINIA BREWING mark, and Count I should therefore not be dismissed for failure to allege damages.

Furthermore, Ravinia Festival has no authority to support dismissing a claim for fraudulent trademark registration for a failure to allege immediate pecuniary harm. Its first case, *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 132-33 (2014), dealt with plaintiff's standing to assert a false advertising claim under the Lanham Act and made no mention of Section 38. And neither *AutoZone, Inc. v. Strick*, No. 03 8152, 2005 WL 2978708, at *4 (N.D. Ill. Nov. 3, 2005) nor *Exxon Corp. v. Exxene Corp.*, 696 F.2d 544, 550-51 (7th Cir. 1982), support dismissing Count I on the pleadings. In *AutoZone*, the plaintiffs prevailed on their motion for summary judgment on defendants' Section 38 counterclaim because the defendants had admitted that they had no evidence of lost revenues or profits, and litigation expenses were held insufficient. *Id.* at *10, *14. Similarly, *Exxon Corp.* was decided after a jury trial, and "the only damages proved by [defendant] – its attorney's fees – were not recoverable as damages under the statute on which the counterclaim was based." *Id.*

13

The only other authority cited in this section of the Motion, 6 *McCarthy* § 31:86, actually supports Ravinia Brewing, because Count I alleged damages that are "proximately caused by the assertion or use of the fraudulently procured registration," and not "solely from the false declaration." 6 *McCarthy* § 31:86. Here, it is Ravinia Festival's federal registration of the RAVINIA Mark for a class including restaurants, including restaurants with a senior, superior right to using the Ravinia name, and Ravinia Festival's assertion of that mark against Ravinia Brewing, a brewpub, that has caused injury.

Should Ravinia Brewing prevail in this matter, the evidence of fraudulent registration may also support an award of attorney's fees under Section 35 of the Lanham Act, which provides that "The court in exceptional cases may award reasonable attorney's fees to the prevailing party," in suits for a violation of any rights of the registrant of registered marks." PTO. 15 U.S.C. § 1117(a). *See Orient Express Trading Co. v. Federated Dep't Stores, Inc.,* 1987 U.S. Dist. LEXIS 6132, *4 (S.D.N.Y. 1987).

**Conclusion**

In sum, for all the reasons set forth above, the Court should deny Ravinia Festival's Rule 12(b)(6) Motion to Dismiss Count I of the Counterclaims, or, in the alternative, grant Ravinia Brewing leave to amend.

Dated: February 27, 2024

Respectfully Submitted,

RAVINIA BREWING COMPANY LLC, and RAVINIA BREWING COMPANY CHICAGO, LLC,

By: ___*/s/ Shelley Smith*_____
      One of their attorneys

Michael J. Delrahim (ARDC No. 6277361)
Shelley Smith (ARDC No. 6208287)
Andrew A. Jacobson (ARDC No. 6211224)
Brown, Udell, Pomerantz & Delrahim, Ltd.
180 N. LaSalle St., Suite 2850
Chicago, IL 60601
Tel: (312) 475-99
Fax: (312) 475-1188
ssmith@bupdlaw.com
ajacobson@bupdlaw.com