**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAVINIA FESTIVAL ASSOCIATION, <br> a not for profit corporation, | ) <br> ) <br> ) | |
| | | Case No. 1:23-cv-15322 |
| Plaintiff-Counter-Defendant, | ) <br> ) | |
| v. | ) | Judge Manish S. Shah |
| | ) | |
| RAVINIA BREWING COMPANY LLC, and <br> RAVINIA BREWING COMPANY <br> CHICAGO, LLC, | ) <br> ) <br> ) | Magistrate Judge Gabriel A. Fuentes |
| | ) | |
| Defendants-Counter-Plaintiffs. | ) <br> ) | |

**PLAINTIFF RAVINIA FESTIVAL ASSOCIATION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FRAUD CLAIM (COUNTERCLAIM COUNT I)**[1]

Defendants' Memorandum in Opposition to Ravinia's Motion is most notable for its

concessions which show Defendants' fraud count should be dismissed with prejudice.[2]

- In response to Ravinia's statute of limitations argument, Defendants' Memo argues that the "discovery rule" should apply to Counterclaim Count I – where the applicable limitations period starts to run "when a person knows or reasonably should know" of his or her cause of action. *See* Defs' Mem. at 4-5. Even assuming the application of this rule, Defendants' Memorandum does not dispute that Ravinia sent Defendants a letter in February 2018 putting Defendants on notice that they were infringing Ravinia's trademarks; Defendants concede that, in response to this letter, they hired counsel to investigate. *See* CClaims at ¶¶ 190 & 192. Under their own argument, the applicable statute of limitations began to run in February 2018 when Defendants knew or should have known of their fraud claim. Under the longest possible statute of limitations assuming the discovery rule applies (five-years), Defendants' 2024 fraud claim is time-barred.

---

[1] All capitalized terms not defined herein are as defined in Ravinia's opening Memorandum in support of its Motion to Dismiss.

[2] Defendants' Memorandum ("Defs' Mem.") is also notable for its misrepresentations regarding the basic issue of this lawsuit. Ravinia's complaint does not concern "the mere use of the word 'Ravinia' in Defendants' registered mark." Defs' Mem. at 2. As is plain from the Complaint, this case concerns Defendants' use of the "Ravinia" name in their bars and restaurants where they serve food and beverage and promote and sponsor live music all under the Ravinia name, and all in violation of Ravinia's federal and common law rights, including in its U.S. trademarks for musical entertainment and performance and for food and beverage services.

- As to Defendants' failure to plead fraud, Defendants' Memorandum concedes that Defendants' sole basis for accusing Ravinia of fraud is the alleged existence of two businesses serving food under the "Ravinia" name as of the date Ravinia filed the application for one of the trademarks at issue. Defs' Mem. at 9. Defendants acknowledge that, to plead fraud in connection with this one trademark application, they must allege that the person signing the declaration in support of the application not only knew of these two businesses *but also* knew that these two businesses had rights superior to Ravinia's rights. *Id.* at 9. Defendants concede that they did not plead such allegations specifically but instead argue that these allegations should be inferred.

  Leaving aside that the Federal Rules require that fraud be pled with specificity, concessions in Defendants' Memorandum show that Defendants are not entitled to the requested inferences. The two businesses Defendants identify were formed in 1967 and 1985 respectively. *Id.* at 2, n.1. Defendants do not dispute that Ravinia has been operating as a music and entertainment venue since at least 1936. *See* Defs' Ans. at ¶ 6; CClaims at ¶ 162. In addition, the application that Defendants put at issue, and quote from liberally, shows on its face that Ravinia was using its mark for food and beverage services at least as early as 1964. *See* Ex. 1. There is no reasonable basis to infer that the identified businesses have rights superior to Ravinia's or, more crucially, that Ravinia's declarant intentionally filed a false declaration.

- With respect to Ravinia's argument that Defendants have not pled cognizable damages, as needed to state a fraud claim, Defendants conflate injuries from the alleged fraud on the PTO (of which there are none alleged) with the prospective "injury" they will incur as a result of being held liable for trademark infringement. All of the prospective injuries claimed by Defendants in their Memorandum are the result of Defendants' liability for trademark infringement, not for any alleged fraud on the PTO. None of the damages now claimed are pled in Count I.

Defendants' fraud claim is patently defective and should be dismissed with prejudice.

**1. Counterclaim Count I is Time Barred.**

In their Memorandum, Defendants make the unprincipled argument that the statute of limitations on their fraud counterclaim did not start to run until *after* (a) they received the letter Ravinia sent on August 23, 2023, rescinding the letter agreement entered into on May 22, 2018, between Ravinia and one of the two Defendants, and (b) the parties thereafter failed to resolve their differences and Ravinia filed this action – *i.e.,* when Ravinia filed suit. Defs' Mem. at 5. Defendants argue "[i]t was only when Ravinia Festival [sic] received this letter [in 2023], and

was rebuffed in its efforts to resolve the matter amicably, that Ravinia Festival [sic] knew it had a claim against Ravinia Festival for its assertion of a fraudulently obtained trademark." *Id.*

That is not how statutes of limitations or Illinois' discovery rule work. Indeed, under Defendants' argument, there are no limitations periods for counterclaims. Deferring the start of statutes of limitations for counterclaims until a complaint is filed makes statutes of limitations nullities.

Accepting for argument purposes Defendants' contention that the discovery rule applies to Counterclaim Count I, that rule "provides that a party's cause of action accrues when the party knows or reasonably should know of an injury and that the injury was wrongfully caused." *Super Mix of Wisc., Inc. v. Natural Gas Pipeline Co. of Amer., LLC,* 167 N.E.3d 149, 157 (2d Dist. 2020) (affirming dismissal of complaint with prejudice on statute of limitations grounds; "Whether an action was brought within the time allowed by the discovery rule is generally resolved as a question of fact, but the question may be determined as a matter of law when, as in this case, the answer is clear from the pleadings.") (citation omitted).[3]

Here, the answer to the question when did Defendants know or should have known of their claim is clear from the pleadings. As set forth in the pleadings, Ravinia sent a letter in February 2018 that put Defendants on notice if they had a fraud claim. *See* CClaims at ¶ 190 (letter from Ravinia to RBC asserting trademark ownership and demanding royalties); *id.* at ¶ 172 (Defendants RBC and RBC Chicago under common ownership and control). Indeed, as Defendants admit, when they received Ravinia's February 2018 letter, Defendants "engaged trademark counsel to review the letter and *investigate* the surrounding facts." *Id.* at ¶ 192

---

[3] As this case makes clear, it is Defendants' burden to plead facts showing that their claim is not time barred. *See id.* ("When a plaintiff invokes the discovery rule to toll the statute of limitations, the plaintiff has the burden of proving the date of discovery.").

(emphasis added). There could not be a clearer admission of the appropriate start to a limitations period. As of February 2018, Defendants had notice to pursue any potential claim of fraud with respect to the procurement of Ravinia's trademark for food and beverage services because such trademark was then being asserted against them.

Ravinia's 2023 recission of the 2018 letter agreement and the parties' subsequent failure to work out their issues did not alert Defendants to the fraud claim asserted in Count I. These events have no bearing on when Defendants knew or reasonably should have known of their claim of a purported fraud on the trademark office in connection with the application that Ravinia filed in 2010. The 2018 letter agreement was between Ravinia and defendant RBC (the owner/operator of Defendants' Highland Park bar and restaurant) (and not with defendant RBC Chicago, the owner/operator of Defendants' Chicago bar and restaurant). *See* Answer at Ex. 4 (copy of the 2018 letter agreement). By its plain terms, the 2018 letter agreement states that Ravinia will not object to RBC's "Brewing Mark for beer, a [single] brewery or a [single] brewpub" provided RBC complied with the terms of the letter agreement. Defs' Ans. at Ex. 4, ¶ 3. The recission of this letter agreement (including for RBC's failure to comply with the letter agreement), and the parties' failure to negotiate a resolution of their issues, did not put Defendants on notice of any claim with respect to Ravinia's trademark for food and beverage.[4]

As discussed in Ravinia's opening Memorandum, even if the Court applies the longest statute of limitations assuming the discovery rule applies (the five-year statute of limitations applicable to common law fraud (735 ILCS 5/13-205)), Defendants' Counterclaim Count I is

---

[4] The 2018 letter agreement did not toll the running of any statute of limitations, and Defendants have not argued for such tolling. The letter agreement was not a tolling agreement and even provides that all rights not expressly addressed under the letter are reserved. Defs' Ans. at Ex. 4, ¶ 4.

4

time barred because it was filed in January 2024, approximately six years after Defendants were on notice of their infringement of Ravinia's trademarks.[5]

### 2. Counterclaim Count I Does Not Properly Plead Fraud.

In response to Ravinia's motion to dismiss Counterclaim Count I for failing to plead the elements of fraud with the requisite specificity, Defendants rely on decisions issued before *Twombly* and *Iqbal* changed how federal courts evaluate motions such as the pending Motion by Ravinia.[6] For example, in *Gaffrig Perf. Indus., Inc. v. Livorsi Marine, Inc.*, 2001 WL 709483 at *4 (N.D. Ill. 2001), a summary judgment decision cited by Defendants, the district court evaluated whether the plaintiff had sufficiently pled fraud on the PTO before it evaluated whether the defendant was entitled to summary judgment on that fraud claim (it was not). Under the more-relaxed pre-*Iqbal* pleading standards, the *Gaffrig* court found that the plaintiff had sufficiently pled fraud simply because its pleading stated the elements of a fraud claim. That being said, the *Gaffrig* plaintiff may have been able to satisfy the heightened pleading requirements announced in *Iqbal* and its progeny because, unlike Defendants, it actually alleged deliberate deceit and misrepresentation backed up with detailed allegations, including regarding

---

[5] As noted in Ravinia's opening Memorandum, the statute of limitations as to a claim for fraud on the PTO should be deemed to run from the date of issuance of the trademark at issue. Ravinia Mem. at 7. The Ravinia trademark at issue in Count I was issued in February 2011. Defendants' pleading states that in July 2014 they chose to use the "Ravinia" name and formed the first of their Illinois businesses under that name. CClaims at ¶ 158. Defendants' pleading also states that they applied for a trademark for their beer brand under the "Ravinia" name in May 2015. *Id.* at ¶ 171. In selecting the "Ravinia" name and registering that name with the Secretary of State and the PTO, Defendants engaged in sufficient activities to be on constructive (if not actual notice) of Ravinia's preexisting trademarks in the Ravinia name *and* on notice for any fraud claims with respect to those marks. With respect to any fraud claim against Ravinia's trademark as issued on February 2011, Defendants were on notice of any potential fraud claims within the limitations period, assuming a five-year limitations period, providing further support to find Defendants' Count I time barred. *See Official Airline Guides, Inc. v. Gross*, 6 F.3d 1385, 1395-96 (9th Cir.1993) (when fraud is used as a basis for challenging the validity of incontestable registration, the claim must be asserted within the applicable statute of limitations and the claim arose as of the date of registration, not on the date the registration was asserted against a third party).

[6] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

statements by the defendant to the PTO as to the defendant's rights to certain marks that were contradicted by a rights agreement. *Id.* at *5-*6 ("This Court cannot reconcile the fact that Livorsi only acquired the rights to the 'Gaffrig' mark in reference to speedometers yet applied for a 'Gaffrig' trademark registration on all marine gauges, controls, instruments, and the like. In light of the facts before it, this Court finds that Plaintiff has stated a genuine issue of fact exists as to Livorsi's fraudulent registration as it pertained to the scope of the ownership of the 'Gaffrig' marks.").

By contrast, Defendants' Count I is devoid of the most basic allegations needed to support a claim for fraud on the trademark office, let alone sufficient detail to support those allegations as required under *Iqbal*. Count I does not actually allege any false statement, let alone an intentionally false statement, or a false claim that was intended to be relied upon by the PTO and which was reasonably relied upon by the PTO. *See* Ravinia's Mem. at 7-8. Under *Iqbal*, the scant facts included in the Counterclaim do not provide a basis to infer that Ravinia made any false statement of material fact to the PTO, made such statement with scienter, or any of the other elements Defendants must prove.

In their Memorandum, Defendants concede that the sole basis of their fraud claim is that two businesses which allegedly used Ravinia's name, the Ravinia Green Country Club (which purportedly opened in 1967 but as to which no information is provided as to when it started serving food) and the Ravinia BBQ & Grill (which purportedly opened in 1985), were serving food and beverage in 2010 when Ravinia filed its '884 Registration. *See* Defs' Mem. at 2, n.1 & 9; CClaims at ¶ 207. Defendants assert that their Count I sufficiently alleges a fraud because they claim that the declaration from Bernadette Petrauskas filed in support of the '884 Registration was false (though that allegation is not in the Counterclaims). Defendants

6

apparently maintain that this allegation should be inferred because "when Ravinia Festival filed its application for the RAVINIA Mark to cover restaurants, two other restaurants were using the "Ravinia" mark for the same class 43 restaurant services." *Id.* at 9. Leaving aside that Defendants do not allege that Ms. Petrauskas was aware of these two businesses, Ms. Petrauskas' declaration does *not* assert that there were *no* other food service businesses using the Ravinia name. There is no requirement in trademark law that a trademark applicant with senior rights be the sole user of the applied-for mark or that the field be free from all junior users and/or inconsequential infringing users for such applicant to seek registration of its mark.[7]

Ms. Petrauskas' declaration, which is part of the application for the '884 Registration, includes her statement that "to the best of . . her knowledge and belief no other person . . . has the **right** to use the mark in commerce . . . as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.." CClaims at ¶ 206 (emphasis added). Defendants' quotation from the application for the '884 Registration is selective and incomplete. It is appropriate for the Court to review the entire trademark application, attached here as Ex. 1,[8] given its centrality to Counterclaim Count I and because Defendants quote from it selectively

---

[7] *See L.D. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349 (Fed. Cir. 1999) (reversing summary judgment that registration be canceled for fraud in § 2(f) registration because some other companies used similar designations; the statutory term "substantially" exclusive use makes allowance for minor uses and infringing uses); 6 McCarthy § 31:69 ([T]hat some other uses of the same mark existed does not mean that the declaration was fraudulent because applicant's use was not 'substantially exclusive.' If such uses were either inconsequential or were infringing, there was no fraud.") (citations omitted).

[8] The application at issue is publicly available on-line from the PTO. *See* https://tsdr.uspto.gov/#caseNumber=85064661&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch. Registration No. 85064661. The "Application" (a copy of which is Ex. 1 hereto) is among the "Documents" that can be viewed on this link. Last viewed on March 12, 2024.

and without the necessary context.[9]   Critically, the application specifies that Ravinia had been using its mark in connection with "Restaurant services; catering services; offering banquet facilities" since at least as early as 1964.  Application at 4 ("the mark was *first used at least as early as 00/00/1964*, and first used in commerce at least as early as 00/00/1964, and is now in use in such commerce.") (emphasis added); *id.* at 1 ("First use anywhere date:  At least as early as 00/00/1964").

Under the plain language of the declaration, especially when read in the context of the entire application of which the declaration is just one part, the alleged existence of the two businesses using Ravinia's name as of the date Ravinia's application was filed does not reasonably support any inference that Ravinia's declaration was both false and intentionally false.  In their Memorandum, Defendants concede that:

> the Lanham Act requires registrants [in their trademark applications] to make a verified statement that they are unaware of **superior rights** to the mark for which they seek registration. . .. Furthermore, the application must include a statement from the applicant verifying his belief that he is the owner of the mark and that no other person or entity has **the right** to use the mark in commerce.

Defs' Mem. at 9 (emphasis added).  Defendants thus concede that, to state their fraud claim, they must allege that Ms. Petrauskas not only was aware at the time she signed her declaration of the existence of the Ravinia Green Country Club and the Ravinia BBQ shop and knew that they served food and beverage, but also that she believed that these two businesses had "superior rights" to Ravinia to use the "Ravinia" name in connection with food and beverage, and thus had

---

[9] Under the incorporation-by-reference doctrine, "a court may consider documents that are (1) referenced in the plaintiff's complaint, (2) concededly authentic, and (3) central to the plaintiff's claim." *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022).  A movant may introduce such pertinent documents for the court's consideration in support of a motion to dismiss.  *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  The purpose of the incorporation-by-reference doctrine is "to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

8

the right to use Ravinia's mark. But as Defendants' own pleading recognizes, Ravinia is an old organization – older than the two (junior) users identified by Defendants.[10] And as the application on which Defendants base their fraud claim shows, Ravinia had also long used its name in connection with food and beverage services – longer than the two businesses located by Defendants. There is no basis to infer that these junior users had rights superior to Ravinia's or that Ms. Petrauskas would have reasonably believed that at the time she signed her declaration.

Defendants' case, *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 434 (7th Cir. 1999), does not support their position. That case involved the itinerant Rams NFL football team and its move from Los Angeles to St. Louis in 1995. After the announcement of the team's relocation, the *Blastoff* plaintiff tried to secure various state and federal rights in the name "St. Louis Rams." The *Blastoff* plaintiff had no prior use of the mark. The Court of Appeals affirmed the trial court's determination that the team and league had acquired protectable rights prior to the plaintiff. *Id.* at 435. The language from this case quoted by Defendants ("The party who first appropriates the mark through use, and for whom the mark serves as a designation of source, acquires superior rights to it" (*id.* at 434)) does not remotely support the proposition for which it is offered. Indeed, it supports Ravinia's position that its longstanding use of its name (from 1936 and before) gives it superior rights to both of the businesses on which Defendants' fraud claim is based.

Defendants have not and cannot satisfy their pleading burden. Defendants' Counterclaim Count I is devoid of any assertion (let alone specific facts) regarding a false statement by Ravinia

---

[10] *See* CClaims at ¶ 162 (Ravinia has been operating in Highland Park since its "formation" in 1936); Defs' Ans. at ¶ 6 ("Defendants admit that Ravinia Festival Association ("RFA") was incorporated in 1936"). The "Ravinia" name was used by Plaintiff's predecessor in interest for decades before that in connection with music and related activities at its Highland Park venue. Regardless, it is beyond dispute that Ravinia is an historic institution with long roots in Highland Park, making it is impossible for Defendants to have a good faith basis to allege that Ravinia's declarant knowingly made false statements.

and that such statement was made with scienter.  Defendants cannot assert that the Ravinia Green Country Club and the Ravinia BBQ and Grill have rights superior to Ravinia's.  Defendants have not and cannot plead fraud.[11]

### 3. Counterclaim Count I Does Not Allege Cognizable Damages.

Much as Defendants' Memorandum tries to obscure the point, Defendants' Counterclaims seek only the following damages:

> Defendants pray that the Court award damages in the amount, to be determined at trial, for the costs and attorney's fees they incur in defending this suit, together with any further relief the Court deems just and proper.

CClaims at p. 52.  The only damages Defendants claim to have suffered (albeit in connection with Count II, not Count I, of their Counterclaims) are "in the form of . . . attorney's fees and costs, loss of critical time and effort [responding to the lawsuit] . . . , and unknown damages to its reputation [as a result of the lawsuit]."  CClaims at ¶ 216.   In other words, even under the most generous reading, the only damages claimed by Defendants are their attorney's fees and costs, their time, and purported reputational harm caused by the lawsuit.

In their Memorandum, it would appear that Defendants concede their attorney's fees are not recoverable under Count I.  The only mention of the recoverability of attorney's fees is in the penultimate paragraph of their Memorandum where they observe that the Lanham Act provides that a court may award fees in "exceptional" cases.   Defendants have not pled anything to

---

[11]  Defendants did not distinguish any of Ravinia's cases on this point (Ravinia Mem. at 11).  *See, e.g., Kelly Servs. Inc. v. Greene's Temporaries Inc*., 25 U.S.P.Q.2d 1460, 1463, 1992 WL 430461 (T.T.A.B. 1992) ("[A]n applicant that believes its right to register a mark is superior to that of another user of the same or similar mark will not be held to have committed fraud by signing an application with the statutorily prescribed ownership statement."); *All. for Good Gov't v. Coal. for Better Gov't*, 901 F.3d 498, 507 (5th Cir. 2018) (no fraud was committed by signing oath knowing of the junior user where signer reasonably believed it had a superior right; dismissing fraud allegation); see generally 6 McCarthy § 31:77 ("Under  Fed. Rule Civ. Proc 9(b), a sufficient pleading of fraud based on a failure to disclose use by others must consist of 'more than a mere conclusory allegation that the defendant 'knew' about a third party's superior rights in the mark.'").

suggest this is such an exceptional case. In their Memorandum, Defendants also appear to have dropped any contention that reputational harm caused by the filing of this good faith lawsuit is somehow recoverable.

Instead, Defendants now maintain that they have cognizable damages because they would be injured if they are found liable in this Court for infringement of a single trademark but that trademark was fraudulently obtained; "[t]he damage such an order would have on Ravinia Brewing would be immense." Defs' Mem. at 12. Not only is this highly speculative, but this damage is not alleged. *See* CClaims at p. 52 and ¶ 216. The "damages" as pled or speculated about in their Memorandum are not proximately caused by fraud on the PTO but are caused by this litigation. As shown by the cases cited in Ravinia's Memorandum, such damages do not support Defendants' fraud claim.

It is worth noting that Ravinia has sued Defendants for infringement of various trademarks (not just the mark attacked in Count I), as well as for infringement of common law trademarks and for various forms of unfair and deceptive business practices. The prospect of a judgment against Defendants based solely on one trademark registration and no other theories stretches credulity.[12] Bottom line, Defendants have not pled and cannot plead cognizable damages.

**CONCLUSION**

Counterclaim Count I should be dismissed with prejudice, and the Court should provide Ravinia with such other relief as is just.

---

[12] Defendants rely on *Roxbury Entertainment v. Penthouse Media Group*, 2009 WL 2950324 (C.D. Cal. 2009), for their contention that losses from "enforcement [presumably by this Court] of a fraudulently procured trademark by enjoining defendants' business activities are sufficient to defeat a motion to dismiss counterclaims. . .." Defs' Mem. at 12. In *Roxbury*, unlike here, the counterclaim defendant had pled actual damages in that they alleged that they had already stopped selling the allegedly infringing product and thus had standing to sue to invalidate the plaintiff's trademarks. *Roxbury* at *3.

Dated:  March 12, 2024                    Respectfully submitted,

By:  /s/ *Eric D. Brandfonbrener*
Eric D. Brandfonbrener (No. 6195674)
Jeremy L. Buxbaum (No. 6296010)
PERKINS COIE LLP
110 North Wacker Drive, 34th floor
Chicago, Illinois 60606
Tel:  (312) 324-8400
Fax:  (312) 324-9400
Email:  ebrand@perkinscoie.com
         jbuxbaum@perkinscoie.com

**ATTORNEYS FOR PLAINTIFF/ COUNTER DEFENDANT RAVINIA FESTIVAL ASSOCIATION**

12

# EXHIBIT 1

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 85064661**
**Filing Date: 06/16/2010**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 85064661 |
| **MARK INFORMATION** | |
| *MARK | RAVINIA |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | RAVINIA |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Ravinia Festival Association |
| *STREET | 418 Sheridan Road |
| *CITY | Highland Park |
| *STATE<br>(Required for U.S. applicants) | Illinois |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE<br>(Required for U.S. applicants only) | 60035 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | non-profit corporation |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | Illinois |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 043 |
| *IDENTIFICATION | Restaurant services; catering services; offering banquet facilities |
| FILING BASIS | SECTION 1(a) |
|    FIRST USE ANYWHERE DATE | At least as early as 00/00/1964 |
|    FIRST USE IN COMMERCE DATE | At least as early as 00/00/1964 |
|    SPECIMEN FILE NAME(S) | |
|    ORIGINAL PDF FILE | spec-6415716650-163437585_._RaviniaCL43.pdf |
|    CONVERTED PDF FILE(S)<br>   (2 pages) | \\TICRS\EXPORT10\IMAGEOUT10\850\646\85064661\xml1\APP0003.JPG |
| | \\TICRS\EXPORT10\IMAGEOUT10\850\646\85064661\xml1\APP0004.JPG |

| SPECIMEN DESCRIPTION | website pages |
|---|---|

## ADDITIONAL STATEMENTS SECTION

| | |
|---|---|
| SECTION 2(f) | The mark has become distinctive of the goods/services as evidenced by the ownership on the Principal Register for the same mark for related goods or services of U.S. Registration No(s). 2620484; 2668169 and 2947948. |
| SECTION 2(f) | The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement. |
| PRIOR REGISTRATION(S) | The applicant claims ownership of U.S. Registration Number(s) 2620484, 2668169, and 2947948. |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Sana Hakim |
| ATTORNEY DOCKET NUMBER | 3721677-00038 |
| FIRM NAME | K&L Gates LLP |
| STREET | P.O. Box 1135 |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60690-1135 |
| PHONE | 312-807-4350 |
| FAX | 312-827-8185 |
| EMAIL ADDRESS | chicago.trademarks@klgates.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Michael J. Abernathy, Christopher A. Bloom, Carol A. Genis, Cristiana N. Huynh, Christian Stahl and Kathryn Starshak |

## CORRESPONDENCE INFORMATION

| | |
|---|---|
| NAME | Sana Hakim |
| FIRM NAME | K&L Gates LLP |
| STREET | P.O. Box 1135 |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60690-1135 |
| PHONE | 312-807-4350 |
| FAX | 312-827-8185 |
| EMAIL ADDRESS | chicago.trademarks@klgates.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| | |
|---|---|
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |

| | |
|---|---|
| **\*TOTAL FEE DUE** | 325 |
| **\*TOTAL FEE PAID** | 325 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Bernadette Petrauskas/ |
| **SIGNATORY'S NAME** | Bernadette Petrauskas |
| **SIGNATORY'S POSITION** | Director of Finance and Administration |
| **DATE SIGNED** | 06/16/2010 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2011)

## Trademark/Service Mark Application, Principal Register

Serial Number: 85064661
Filing Date: 06/16/2010

### To the Commissioner for Trademarks:

**MARK:** RAVINIA (Standard Characters, see mark)
The literal element of the mark consists of RAVINIA.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Ravinia Festival Association, a non-profit corporation legally organized under the laws of Illinois, having an address of
    418 Sheridan Road
    Highland Park, Illinois 60035
    United States
requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class 043:  Restaurant services; catering services; offering banquet facilities

In International Class 043, the mark was first used at least as early as 00/00/1964, and first used in commerce at least as early as 00/00/1964, and is now in use in such commerce. The applicant is submitting one specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) website pages.

**Original PDF file:**
spec-6415716650-163437585_._RaviniaCL43.pdf
**Converted PDF file(s)** (2 pages)
Specimen File1
Specimen File2

The mark has become distinctive of the goods/services as evidenced by the ownership on the Principal Register for the same mark for related goods or services of U.S. Registration No(s). 2620484; 2668169 and 2947948.

The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement.

The applicant claims ownership of U.S. Registration Number(s) 2620484, 2668169, and 2947948.

The applicant's current Attorney Information:
Sana Hakim and Michael J. Abernathy, Christopher A. Bloom, Carol A. Genis, Cristiana N. Huynh, Christian Stahl and Kathryn Starshak of K&L Gates LLP
    P.O. Box 1135
    Chicago, Illinois 60690-1135
    United States
The attorney docket/reference number is 3721677-00038.

The applicant's current Correspondence Information:
    Sana Hakim
    K&L Gates LLP
    P.O. Box 1135
    Chicago, Illinois 60690-1135
    312-807-4350(phone)
    312-827-8185(fax)
    chicago.trademarks@klgates.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.


Signature: /Bernadette Petrauskas/   Date Signed: 06/16/2010
Signatory's Name: Bernadette Petrauskas
Signatory's Position: Director of Finance and Administration


RAM Sale Number: 4344
RAM Accounting Date: 06/17/2010

Serial Number: 85064661
Internet Transmission Date: Wed Jun 16 17:52:41 EDT 2010
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XX-2010061617524133
6487-85064661-4607810fdc67e4198d9bd6a99f
660ed7863-DA-4344-20100616163437585110

# RAVINIA



One Score

Contribute Now | Press Room | Contact Us

Entire site contents Copyright 2010 Ravinia Festival, a not-for-profit organization

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system which will send notification of such filing to the following

email addresses:

Michael J. Delrahim
Shelley Smith
Andrew A. Jacobson
Brown, Udell, Pomerantz & Delrahim, Ltd.
180 North LaSalle Street, Suite 2850
Chicago, Illinois 60601
Tel:  (312) 475-9900
Email: MDelrahim@bupdlaw.com
ssmith@bupdlaw.com
ajacobson@bupdlaw.com

By: */s/ Eric D. Brandfonbrener*