**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAVINIA FESTIVAL ASSOCIATION, a not for profit corporation, | ) ) | |
| Plaintiff, | ) | Case No.: 1:23-cv-15322 |
| | ) | |
| v. | ) | Judge Manish S. Shah |
| RAVINIA BREWING COMPANY LLC, RAVINIA BREWING COMPANY CHICAGO, LLC, and RAVINIA BREWING IP LLC, | ) ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | ) | |

**DEFENDANT RAVINIA BREWING IP LLC'S**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

NOW COMES defendant RAVINIA BREWING IP LLC ("RB IP"), by and through its undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Code of Civil Procedure, hereby respectfully moves that this Honorable Court dismiss the First Amended Complaint of plaintiff RAVINIA FESTIVAL ASSOCIATION ("Festival"), and in support thereof, states as follows:

## ARGUMENT

### I.     Incorporation By Reference

To avoid undue repetition, RB IP incorporates by reference and adopts the legal standards and arguments advanced by co-defendants RAVINIA BREWING COMPANY LLC and RAVINIA BREWING COMPANY CHICAGO LLC in their contemporaneously filed Motion to Dismiss.

### II.    Festival Fails To State A Claim Against RB IP.

RB IP is an IP holding company formed in 2016, which owns the Brewing Mark and licenses it to RBC and RBC-C. (1st Am. Cmplt., Dkt. 56, ¶¶ 3-6). Festival alleges that "[u]nder its license agreements, RBIP, as licensor, set operating standards, specifications, policies and procedures in the operation of RBC's and RBC Chicago's 'Ravinia Brewing' branded business." (*Id.* ¶ 7). Festival makes the same conclusory allegation in each count that "RBIP is directly liable,

contributorily liable, jointly liable, and/or vicariously liable for [Brewing's] infringement of the RAVINIA Mark in light of RBIIP's obligation to set operating standards, specifications, policies and procedures used in the operation of [Brewing's] 'Ravinia Brewing' branded business, as required by the licensing agreement, its active participation and ratification of [Brewing], and/or its continued licensing of the RAVINIA BREWING Mark to [Brewing] knowing that {Brewing} was infringing Ravinia's RAVINIA Mark." (*Id.* ¶¶ 57, 65, 72, 79, 89, and 98).

Review of the referenced IP Licensing Agreement, attached hereto as ***Exhibit "A",*** shows that there is no right of RB IP to cancel the BREWING Mark license at will or based on unproven and dubious claims of infringement by Festival. The sole causes for termination of the license agreement are set forth in paragraph 8(b) and involve events such as the dissolution or bankruptcy of the licensee, or if licensee ceases to be an affiliate of RBIP. While the Licensing Agreement does provide for "guidelines" regarding "operating standards, specifications, policies and procedures" for operating a "Ravinia Brewing" branded brewpub, Festival does not allege that any such "Guidelines" have in fact been adopted, nor does Festival specify how such "guidelines" in any way affect its claims. Festival's claims are based solely on the use of the "RAVINIA BREWING" Mark.

Finally, Festival fails to allege sufficient facts to establish a plausible claim for joint, secondary, or vicarious liability by RB IP. "[A] joint tortfeasor may bear vicarious liability for trademark infringement by another" upon "a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Hard Rock Café Licensing Corp. v. Concession Services, Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992). RB IP is an IP Holding Company. It is not a parent LLC to either RBC or RBC-C and is not alleged to have any control

over Brewing or "authority to bind [RBC / RBC-C] in transactions with third parties" or to "exercise joint ownership or control over the infringing product.".

Common ownership as between RB IP and RBC / RBC-C is insufficient to establish vicarious liability. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 290 (2007); *Bridge v. New Holland Logansport*, 815 F.3d 356, 366 (7th Cir. 2016). The mere fact that they share common owners does not establish "joint control" or "authority to bind" by RB IP. The "guidelines" themselves (to the extent they even exist) would only apply to quality standards and specifications with regard to RBC / RBC-C's operations, and would not apply to "transactions with third parties."

At bottom, Festival is not objecting to a particular operating standard by Brewing or one of its policies or procedures. Festival is objecting to Brewing's very existence under the name, "Ravinia Brewing." The "guidelines" are a red herring. No matter what the "guidelines" (if they exist) might say, the fact that Brewing is pouring beer and promoting its business under the name "Ravinia Brewing" is what is objectionable to Festival. Otherwise, Festival would have filed a simply breach of contract claim in state court seeking to compel specific performance of the 2018 Agreement.

That Festival has instead chosen to "rescind" the 2018 Agreement and file this lawsuit means that Festival is not objecting to a particular manner in which Brewing is operating, but rather, is objecting to Brewing's "use or registration of the Brewing Mark for beer, a brewery or a brew pub," *i.e.*, the opposite of what it promised to do in the 2018 Agreement.

Accordingly, the First Amended Complaint lacks sufficient allegations of fact to support a plausible inference of any liability for RB IP, and therefore, at a minimum, should be dismissed as to RB IP.

Dated: June 20, 2024                        Respectfully submitted,

By:  /s/ *Shorge K. Sato*

Michael J. Delrahim (No. 6277361)
Andrew A. Jacobson (No. 6211224)
Shorge Sato (No. 6278382)
Brown, Udell, Pomerantz & Delrahim, Ltd.
180 North LaSalle Street, Suite 2850
Chicago, Illinois 60601
Tel:  (312) 475-9900
Fax:  (312) 475-1188
Email:  mdelrahim@bupdlaw.com
          ajacobson@bupdlaw.com
          ssato@bupdlaw.com

*Attorneys for Defendants*
*Ravinia Brewing Company LLC and Ravinia*
*Brewing Company Chicago, LLC*

4